Per Curiam:
Plaintiff’s petition alleges a breach by the defendant of a contract under which the plaintiff was to *764 microfilm and mount certain engineering drawings for the Air Force. In June 1961, at plaintiff’s request (it is a Chicago-based company), the case was set for trial at Chicago, Illinois, on October 16,1961. On that date, the trial commissioner was present, as were defendant’s attorney and certain potential witnesses for the Government. The company’s attorney of record did not appear but sent an office associate to request permission to withdraw as counsel. Plaintiff’s president was also present. In view of the circumstances detailed in Finding 3, the commissioner did not permit the office associate to speak in behalf of the withdrawal of plaintiff’s counsel of record. The request of plaintiff’s president for a postponement of the trial was denied, and he was offered the opportunity to proceed on behalf of the company. No evidence, however, was offered by the plaintiff. The commissioner then recommended that the petition be dismissed for lack of prosecution. In presenting the case to the court, the parties have filed affidavits giving information beyond that available to the commissioner. We have taken these affidavits into account.
Certainly, the commissioner and the defendant were ill used. The trial had been set at Chicago, for plaintiff’s benefit and at its request. The commissioner as well as the Government’s attorney and other officials had to travel a long distance and also had to schedule their affairs to make a place for this trial. It is clear, on the other hand, that plaintiff had been having difficulties with its lawyer for some time and that it was touch-and-go whether the attorney would appear at the trial. But no proper warning was given to the court or the other side that the company might be left without representation or that the trial might have to be postponed. No consideration was given to the interests or the convenience of others. Even when plaintiff’s president learned authoritatively that the lawyer would not appear— plaintiff says that this was on the Friday before the Monday on which the trial was scheduled to start — no effort was made to alert the commissioner or Government counsel; nor was there an attempt to obtain substitute counsel. Plaintiff apparently thought that its only obligation, moral or legal, was to send a lay representative to the trial to seek a postpone *765 ment. The standard it set for itself, as a litigant, was obviously far too low. Its counsel’s attempted withdrawal at the last minute was similarly callous.
Blameworthy as was this conduct of plaintiff and its attorney,[1] dismissal of the petition is a severe sanction — summarily disposing of the entire claim regardless of its merit. Cf. Link v. Wabash Railroad Co., 370 U.S. 626 (1962). We do not say that imposition of any sanction other than trial at the place convenient to the commissioner and the Government would be unjustified in this case, but we prefer, in our discretion, to withhold it at this time. The opposing affidavits filed with us make it unclear whether the plaintiff had definite word, prior to the afternoon of October 13th,[2] that its attorney would no longer represent it; up to that point, it insists, it hoped that the attorney-client problems would be solved in time. And plaintiff can be excused for not proceeding without a lawyer at the trial; few laymen are competent, or feel competent, to represent themselves in court. In the circumstances, we do not dismiss the action but return it to the trial docket. At the same time we direct that the further proceedings be held at times and places convenient to the trial commissioner and the defendant; henceforth, the plaintiff’s convenience should be secondary. If there are further unexcused interferences by plaintiff with the progress of the case, we will not hesitate to dismiss it. We intimate, of course, no views whatever on the merits of the claim.
Defendant interposed a counterclaim based on a loan to plaintiff by the Small Business Administration which has been repaid only partially. This counterclaim has been supported by proof and plaintiff does not now contest it or seek a further hearing on it. Judgment is therefore entered in favor of the defendant on the counterclaim.
FINDINGS OF FACT
The court, having considered the evidence, the report of Trial Commissioner William E. Day, the affidavits filed by *766 the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. The petition was filed on June 3, 1959. The plaintiff sought damages of some $37,000 for claimed breach of contract due to misrepresentation of the sizes of certain engineering drawings which, pursuant to the contract, were microfilmed and mounted by the plaintiff.
2. The defendant, on August 4,1961, pursuant to leave of court, filed its counterclaim against the plaintiff in the amount of $13,219.51, representing principal and interest through June 26, 1961, and interest at six percent on $12,996.20 from June 26, 1961 until paid, on account of the unpaid balances due on a loan made to the plaintiff by the Small Business Administration.
3. In June 1961, at the prior request of the plaintiff, concurred in by the defendant, the case was set for trial at Chicago, Illinois, to begin on October 16, 1961. Plaintiff’s counsel did not appear. He had sent an office associate to request permission to withdraw as counsel. The plaintiff’s president, Fred Gr. Scholz, was present. He requested a postponement of the trial. Because the case was set at the request of the plaintiff, and of the difficulty experienced in obtaining a place of trial (the clerk of the U.S. District Court vacated his office for the entire week so that trial might be conducted in his office), and due to the fact that at least eight Government officials had traveled long distances for the specific purpose of attending this trial, the office associate referred to above was not permitted to speak in behalf of the withdrawal of plaintiff’s counsel of record, and the request for postponement of the trial was denied. No evidence was presented on behalf of the plaintiff although the president of that company was given opportunity to present evidence. He was advised that the commissioner would recommend to the court that the plaintiff’s petition be dismissed for lack of prosecution.
4. It is unclear as to when plaintiff’s president definitively learned that plaintiff’s counsel would not appear at the trial on October 16th. Such information may not have been imparted until the afternoon of October 13th (a Friday). There had been difficulties, however, between attorney and *767 client and plaintiff was aware of the possibility, at the least, that its attorney would seek to withdraw at or prior to the trial.
5. On April 10, 1958, the Small Business Administration in Chicago, Illinois, authorized a loan in the amount of $18,000 to the Micrecord Corporation. A note, secured by a chattel mortgage on the furniture and equipment of the plaintiff, was executed on April 18, 1958. The money was paid to plaintiff on May 13, 1958 and repayment was scheduled to cover a period of 5 years, beginning July 18, 1958, at the monthly rate of $358, with interest at six percent per annum to begin May 18, 1958. Plaintiff repaid $5,003.80 on the indebtedness. The last payment, in the amount of $23.60, was made on May 1,1961. Thereafter, plaintiff made no payments on the note, and when defendant’s counterclaim was filed, it was in default. The principal amount of indebtedness then unpaid was $12,996.20. Interest continues to accrue at the daily rate of $2.166033 per day on this amount.
6. On October 4, 1961, the defendant, through the Small Business Administration, seized the assets of the plaintiff under the chattel mortgage. On December 14, 1961, the assets were sold pursuant to the provisions of the chattel mortgage. The total sum of $10,676.50 was realized as proceeds of the sale. The expenses of caring for the collateral up to the date of the sale, in the form of rent, changing keys on locks and moving, amounted to $433.20, so that the net proceeds of the sale amounted to $10,243.30. When this amount was applied to the principal and interest owed, there remained an unpaid principal balance of $3,340.11. Additional charges for the care and preservation of collateral after the sale (one month’s rent of $200 plus $37.10 for electricity and service charge for changing locks) of $237.10 were expended by the defendant. Interest at six percent continues to accrue on $3,340.11 from December 14,1961 until paid, and on $237.10 from January 10, 1962.
7. Although Mr. Fred G. Scholz, the plaintiff’s president, was a guarantor on the note referred to in finding 5, he is not a party to this action. He was never summoned to *768 answer any claim which, the defendant was asserting. It is true that on motion of the defendant, a notice pursuant to 41 U.S.C. 114(b) was prepared by the clerk’s office and delivered to the Attorney General for service. No return of service is shown in the files in the clerk’s office. It is, therefore, not known whether such notice was actually served on Mr. Scbolz but it is known that he did not respond to any notice.
CONCLUSION OF LAW
Upon the foregoing findings of fact and opinion, the court concludes that petitioner’s claim should be, and it hereby is, remanded to the trial commissioner for trial.
The court further concludes as a matter of law, upon the foregoing findings of fact which are made a part of the judgment herein, that defendant is entitled to recover on its counterclaim and judgment is entered for defendant against plaintiff in the amount of $3,577.21, with interest at six percent on $3,340.11 from December 14, 1961, until paid, and on $237.10 from January 10, 1962, until paid.

 Plaintiff’s present counsel are new and were not involved in any way in the failure to appear or proceed on October 16th.

 October 13, 1961, was a Friday; the trial was to commence on Monday, October 16th.