**LORAL ELECTRONICS CORPORATION**
**v.**
**The UNITED STATES.**
**No. 363–64.**

United States Court of Claims.
April 11, 1969.

---

5. In the instant case, however, interest was not charged prior to 1947, because of section 292 (b), *supra*, footnote 4.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

In December 1967, we decided that plaintiff was entitled to reimbursement from the Government, under certain cost-plus-fixed-fee contracts, for rental payments for the use of a building in which those contracts were being performed. The case was returned to the trial commissioner to determine the amount of recovery.[1] Loral Electronics Corp. v. United States, 387 F.2d 975, 181 Ct.Cl. 822. When the time came for this determination, plaintiff contended, first, that the court had adjudicated the issue of reimbursement with respect not only to the five Navy cost-plus contracts specifically mentioned in our opinion but also as to all of plaintiff's cost-reimbursable agreements with several agencies of the Government, and, second, that in any event plaintiff should now be allowed to amend and supplement its petition in order to be in a position to recover in the present action on all of the latter contracts. The defendant opposed both positions.

In a memorandum opinion and report (filed September 27, 1968) Trial Commissioner Mastin G. White rejected the argument that our decision had a broader reach than the five Navy contracts specifically referred to, and since the contractor had been paid administratively on these five contracts he recommended that the petition be dismissed. In a companion order of September 18, 1968, the commissioner denied leave to amend on the ground that "[i]n view of the circumstance that the petition was filed almost four years ago and the court rendered its decision on liability approximately nine.months ago, it would violate the principle of orderly procedure if the case were to be reopened now for the re-

Joseph Sachter, Scarsdale, N. Y., attorney of record, for plaintiff.

James A. Pemberton, Jr., with whom was Asst. Atty. Gen. William D. Ruckelshaus, Washington, D. C., for defendant.

1. The defendant had expressly agreed that, in the event the court held for plaintiff on the issue of liability, the case need not be returned to the Armed Services Board of Contract Appeals for computation.

ception of evidence concerning, and the consideration of, matters not previously involved in the case." [2] Both of these actions of the commissioner are now before us for review, after briefing and oral argument.

■■■ We agree with and adopt the commissioner's opinion and findings [3] on the issue of whether the plaintiff is entitled—under the present petition and our prior ruling—to recover with respect to any contracts other than the five designated ones. Only those five were specifically referred to in the petition in this court and only those five were before the Armed Services Board of Contract Appeals. As the commissioner points out, review under the Wunderlich Act, 41 U.S.C. §§ 321–322 (1964), is necessarily tied to particular contracts. The ASBCA does not merely lay down general principles but decides concrete controversies arising under existing and designated agreements. In scrutinizing the Board's decisions, this court is similarly confined to specific contracts. Neither tribunal acts at large, like the American Law Institute's Restatements, to establish controlling principles or guidelines. This restriction to particular contracts has been clear throughout the litigation (as the commissioner indicates) and it was plain in our earlier opinion which commenced with the statement that "[t]he purpose of the present action is to obtain a review under the Wunderlich Act, 41 U.S.C. §§ 321–322 (1964), of a decision that was rendered by the Armed Services Board of Contract Appeals on September 30, 1964". In the opinion we referred expressly to the five Navy cost-plus contracts which we were considering, pointing out that the court was "concerned in the present case" with those specific agreements. 387 F.2d at 976, 979, 181 Ct.Cl. at 824, 825, 829. [4] It is indisputable that we adjudicated only those five contracts (though of course our opinion would be a precedent for administrative or judicial resolution of similar issues under similar agreements). Without amendment, the petition will not support any judgment relating to contracts other than those five. [5]

■■■ We agree, too, with Commissioner White that Loral should not now be allowed to amend or supplement its petition to bring in such other contracts. Allowance of an amendment at this stage of the case is a discretionary matter, and there are no good reasons for exercising our discretion favorably to plaintiff. See Huling v. United States, 401 F.2d 998, 185 Ct.Cl. 407 (1968). It is far too late for such a considerable expansion of the litigation. An amendment of this type could have been sought long ago, and there is no adequate excuse for the delay which, if we were now to allow the amendment, would prejudice the defendant with respect to a defense of limitations. Moreover, plaintiff could have

2. The commissioner's order of September 18th also denied a motion by the plaintiff in which it sought to recover "all unpaid rentals in the within action". The order stated that "[a] more extended discussion of this point will be included in the report that will be filed soon by the commissioner under Rule 47(c) (2)". (That report, as indicated, was filed on September 27, 1968.)

3. His opinion and findings are set forth at the end of this opinion.

4. "During the plaintiff's fiscal years 1958, 1959, and 1960, it was engaged in the performance of five cost-plus-fixed-fee contracts with the defendant, involving the manufacture of electronic equipment by the plaintiff for the Department of the Navy." "In the performance of the several cost-plus-fixed-fee contracts previously mentioned, the plaintiff occupied and utilized a building on a parcel of land located at 825 Bronx River Avenue in the Bronx section of New York City." "During the plaintiff's fiscal years 1958, 1959, and 1960—the period involved in the present litigation—the premises at 825 Bronx River Avenue were used by the plaintiff in the performance of the five cost-plus-fixed-fee contracts (with which the court is concerned in the present case) involving the manufacture of electronic equipment for the Navy Department."

5. Plaintiff does not challenge the commissioner's determination that it is entitled to no further payment on the five contracts.

brought new and independent suits on these other contracts to which it now points. Again, there is no sound justification for the failure to institute such new actions in the past, or any reason why plaintiff should not institute them now. Aside from the application of limitations (which we are told will not bar much of the total claim), plaintiff cannot be hurt by being required to proceed via a new suit (if it feels that court litigation is necessary).[6]

Nevertheless, we note that in its brief to the commissioner the defendant states that "If Loral's claims based on other contracts are identical to the claims allowed by the Court's decision, and if they are otherwise proper and timely filed, the Government's contracting officer may be expected to follow the Court's decision on the five contracts involved in this case".[7] We hope that this will prove to be so, and that plaintiff will not be required to litigate further on contracts (if there are any) which present the same issues as those we have already decided.

For the reasons given in this opinion and by Commissioner White, the plaintiff is not entitled to recover under its present petition, and is not entitled to amend or supplement that petition, which must therefore be dismissed.

## OPINION OF COMMISSIONER

WHITE, *Commissioner:* On December 15, 1967, the court rendered in this case a decision (387 F.2d 975, 181 Ct.Cl. 822) which allowed the plaintiff's motion for summary judgment, denied the defendant's cross-motion for summary judgment, dismissed the defendant's counterclaim, and remanded the case to the commissioner for a determination of the amount of the plaintiff's recovery under Rule 47(c) (2).

As the parties, after extended negotiations, were unable to reach an agreement on the amount of the recovery due the plaintiff under the court's decision on the issue of liability, it is necessary that a judicial determination be made respecting this matter, based upon pertinent factual findings.

*Scope of Court's Decision on Liability*

A question on which the parties were unable to reach an agreement was whether the court's decision of December 15, 1967 warrants the inclusion in the judgment on damages of amounts allegedly due the plaintiff under contracts other than those numbered NOas 56–682–c, NOas 57–848–c, NOas 58–180–c, NOas 58–549–c, and NOas 58–799–c. The plaintiff argues that this question must be answered in the affirmative, while the defendant insists that a negative answer is required.

It is my opinion that the defendant's position on this question is correct, that the court's decision did not adjudicate any claims of the plaintiff under contracts other than the five enumerated in the preceding paragraph, and that the court's decision does not warrant the inclusion in the judgment on damages of any amounts under contracts other than the five previously enumerated.

The record before the court shows that at all times material to this litigation, the plaintiff, a manufacturer of electronic equipment, was engaged in the performance of cost-plus-fixed-fee prime contracts with the defendant, under which the plaintiff produced various items and supplied them to the Navy Department; that in the performance of the cost-plus-fixed-fee contracts, the plaintiff occupied under a lease and utilized a building on a parcel of land located at 825 Bronx River Avenue in New

---

6. In addition, we note that the "amended and/or supplemental petition" which the plaintiff has proposed to file is woefully insufficient under our rules. Among its other defects is a total failure to specify or identify the additional contracts on which it seeks to sue. See Rule 17(d). Up to the date of oral argument, plaintiff had not given the court or the Government a specification of those contracts or of the federal agencies with which they were made.

7. Similar statements were made by Government counsel on oral argument.

York City; that reasonable rental payments were reimbursable items of cost under the several cost-plus-fixed-fee contracts; and that in submitting its bills to the Navy Department for costs incurred during the fiscal years 1958, 1959, and 1960, the plaintiff claimed for each year the sum of $82,621 as reimbursement for the annual rent paid in connection with the use of the premises at 825 Bronx River Avenue.

Five of the cost-plus-fixed-fee contracts referred to in the preceding paragraph were numbered NOas 56–682–c, NOas 57–848–c, NOas 58–180–c, NOas 58–549–c, and NOas 58–799–c. Copies of these five contracts are in the record before the court. The record does not contain copies of any of the other cost-plus-fixed-fee contracts between the plaintiff and the defendant, and the record does not contain any information regarding such contracts, other than as indicated in the preceding paragraph.

The present litigation had its origin on March 22, 1962, when the chief auditor in the audit office maintained by the Navy Department at the plaintiff's plant issued to the plaintiff on DD Form 396 a notice of disallowances totaling $34,-381.92 in connection with claims for reimbursement theretofore submitted by the plaintiff for its fiscal years 1958, 1959, and 1960 under the five cost-plus-fixed-fee contracts previously enumerated. The notice stated in part that:

> The amount of the difference * * results from the excess of rental costs over the cost of ownership in connection with the contractor's lease of its main plant at 825 Bronx River Avenue * * *.

On May 18, 1962, the plaintiff took an appeal to the Contract Audit Division of the Navy Department from the auditor's action. The appeal stated in part as follows:

> This appeal is taken with respect to DD Form 396, dated 22 March 1962, whereby the Navy Audit Office disallowed the amount of $34,381.92 against various Navy Contracts on the grounds of unreasonable rental payments made under a lease dated 26 January 1956.

On March 18, 1963, the Director of the Contract Audit Division, Navy Department, rendered a decision on the plaintiff's appeal. The Director's decision stated in part as follows:

> It is the decision of the Director that allowances for costs pertaining to Loral's plant at 825 Bronx River Avenue, New York are to be limited to allowable costs of ownership. The capitalized value of the rent (at 6 per cent), or $906,000 is considered an appropriate amount for this purpose. Of this amount, $115,000 is considered to pertain to the land * * *.

The Director instructed the auditor to recompute the allowable costs in accordance with the Director's decision, and to advise the Director of the results of the recomputation within 30 days.

Pursuant to the directive referred to in the preceding paragraph, the Navy auditor recomputed the disallowances in accordance with the decision dated March 18, 1963. Thereafter, the auditor informed the Director of the Contract Audit Division that the recomputed disallowances were as follows: $12,397.75 under contract NOas 58–799–c; $792.91 under contract NOas 58–180–c; $1,262.-15 under contract NOas 58–549–c; $17,-306.13 under contract NOas 56–682–c; and $2,682.41 under contract NOas 57–848–c. The recomputed disallowances totaled $34,441.35.

In a supplementary decision dated April 29, 1963, the Director of the Contract Audit Division, Navy Department, stated that he concurred in the auditor's recomputation of the disallowances; that the total amount of the disapproved costs was established as $34,441.35; and that the plaintiff might appeal from the supplementary decision to the Secretary of the Navy.

Under the date of May 8, 1963, the plaintiff took an appeal to the Armed Services Board of Contract Appeals (acting for the Secretary of the Navy) from the supplementary decision of April 29,

1963 by the Director of the Contract Audit Division, Navy Department. The appeal stated that the plaintiff appealed from the disallowance by the Director of rentals for the occupancy of premises located at 825 Bronx River Avenue in New York City. The amounts of the disallowances under the various contracts were given as follows:

NOas 58–799–c ............$12,397.75
NOas 58–180–c ............ 792.91
NOas 58–549–c ............ 1,262.15
NOas 56–682–c ............ 17,306.13
NOas 57–848–c ............ 2,682.41

Total .............. 34,441.35

On September 30, 1964, the Armed Services Board of Contract Appeals rendered a decision (ASBCA No. 9174) on the plaintiff's appeal. In its decision, as subsequently amended and supplemented, the Board held that the instruments under which the plaintiff occupied the premises at 825 Bronx River Avenue in New York City "were intended as an acquisition of realty by the appellant [i.e., the present plaintiff]," and, therefore, that the plaintiff was entitled to an allowance based upon the costs of ownership, but not to reimbursement for rental payments in the amount of $82,621 per year, as claimed by the plaintiff. The determination of the proper amount of the allowance was reserved for further proceedings.

The petition in the present action was filed with the court on October 26, 1964. The first paragraph of the petition states as follows:

1. This action is brought pursuant to 41 USC 321, 322 to review an adverse decision of the Armed Services Board of Contract Appeals in the Appeal designated as ASBCA No. 9174.

The concept of the present action as one to obtain judicial review of the Board's decision under the provisions of the Wunderlich Act (41 U.S.C. §§ 321, 322) was further adopted by the plaintiff in its motion for summary judgment, by the defendant in its cross-motion for summary judgment, and by the court in its decision of December 15, 1967. As previously indicated, the administrative proceedings, including the Board's decision, related to claims by the plaintiff growing out of disallowances totaling $34,441.35 made by the Navy Department under five contracts, namely, NOas 56–682–c, NOas 57–848–c, NOas 58–180–c, NOas 58–549–c, and NOas 58–799–c.

Upon its review of the administrative action, the court held that the decision of the Armed Services Board of Contract Appeals was erroneous, and that the plaintiff was entitled to a summary judgment in the judicial proceeding. However, since the defendant's answer, as amended, contained an allegation to the effect that the Navy Department, subsequent to the ASBCA's decision, had made additional payments to the plaintiff respecting the use of the premises at 825 Bronx River Avenue that brought the annual payments up to $82,621 for each of the years involved in the litigation, the court remanded the case to the commissioner under Rule 47(c) (2) for the ascertainment of the facts concerning this allegation and a determination regarding the amount actually due the plaintiff.

The plaintiff has alleged in the proceedings under Rule 47(c) (2) that subsequent to March 22, 1962, disallowances similar to those previously discussed in connection with contracts NOas 56–682–c, NOas 57–848–c, NOas 58–180–c, NOas 58–549–c, and NOas 58–799–c were effectuated by the Navy Department under other cost-plus-fixed-fee contracts on the ground that the plaintiff was not entitled to reimbursement for rental payments in the amount of $82,621 per year with respect to the use and occupancy of the premises located at 825 Bronx River Avenue, but was only entitled to a lesser annual amount as an allowance based upon the costs of ownership; and that the plaintiff is entitled to recover in the present action on the basis of the disallowances under the other contracts. No evidence in support of this allegation has been received, since the allegation is deemed to be beyond the scope of the

action before the court and, therefore, outside the scope of the court's decision of December 15, 1967.

This court's basic jurisdiction is "to render judgment upon any *claim* against the United States" (28 U.S.C. § 1491; emphasis supplied). The only claims of the plaintiff against the United States disclosed by the petition and the record in the present case are those growing out of the disallowances totaling $34,441.35 made by the Navy Department under the five contracts previously enumerated. Hence, only those particular claims were adjudicated by the court in its decision of December 15, 1967.

General allegations in the petition indicating that the plaintiff, during the pertinent period, was engaged in the performance of other cost-plus-fixed-fee contracts with the defendant merely provided background information, in the absence of specific allegations showing that the plaintiff was asserting claims under such other contracts.

Of course, the court's decision of December 15, 1967 on the plaintiff's claims under the five contracts before the court constitutes a judicial precedent for the disposition of any similar claims that may have arisen under other contracts similar to the five contracts before the court. However, for the reasons previously stated, the judgment on damages in the present case cannot properly include any amounts that may be due the plaintiff under other contracts.

### Limitation of Allowable Cost

Each of the five contracts enumerated in the preceding part of this memorandum opinion set out an estimated contract price, as well as a fixed fee that was to be paid the plaintiff. The five estimated contract prices totaled $4,113,521.55.

Paragraph 4 of the general provisions of each of the five contracts stated in part as follows:

4. LIMITATION OF ALLOWABLE COST

(a) If at any time the Contractor has reason to believe that the cost to be incurred by it in the performance of this contract in the next succeeding 60 days, when added to all previous costs, will exceed the total estimated cost of performance, * * * the Contractor shall notify the Contracting Officer to that effect, giving a new estimate of the total expenditures required to perform this contract * * *, so that at the discretion of the Contracting Officer an appropriate increase may be made in the estimated cost without increase in the fixed fee.

\* \* \* \* \* \*

(c) Notwithstanding any other provisions of this contract, any cost incurred by the Contractor in the performance of this contract in excess of * * * the total estimated cost, as revised from time to time, * * * shall not be considered as an item of Allowable Cost under this contract. * * *

Since the date of the court's decision, the defendant has paid the plaintiff administratively (or is in the process of paying the plaintiff) amounts totaling $21,211.32 as sums due the plaintiff under the provisions of the five contracts, as interpreted by the court.[1]

The defendant has asserted in the proceedings under Rule 47(c) (2) that if any additional amounts were to be paid to the plaintiff under the five contracts on account of the disallowances previously discussed, the overall amounts received by the plaintiff under such contracts would exceed the estimated costs of the respective contracts; and that the plaintiff did not, during the progress of

---

1. The record does not sustain the defendant's allegation in the answer, as amended, that subsequent to the decision of September 30, 1964 by the Armed Services Board of Contract Appeals, the Navy Department made additional payments to the plaintiff on account of rent that resulted in the receipt by the plaintiff of $82,621 as an annual rental allowance for each of the fiscal years 1958, 1959, and 1960.

the work under the contracts, give the contracting officer the notice required by paragraph 4 of the general conditions of the several contracts. Consequently, the defendant argues that the plaintiff is not entitled to receive anything further in the judgment on damages.

The plaintiff, at an earlier stage of the proceedings under Rule 47(c) (2), disagreed with the defendant's contention regarding the materiality of the "Limitation of Allowable Cost" provisions of the five contracts to the plaintiff's recovery in the present action. However, in a communication dated August 28, 1968 (commissioner's exhibit No. 2), the plaintiff seemingly (1) concedes that if any additional amounts were to be received under the five contracts, such amounts would be in excess of the estimated costs stated in the respective contracts, and (2) withdraws its demand for additional compensation under the five contracts.

### Conclusion

For the reasons set out in the preceding parts of this memorandum opinion, it appears that the plaintiff is not entitled to recover anything further in the present action.