Pleading and.practice; ivwolumlary dismissed, when appropriate — On June 11, 1976 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kunzig, Judges.
“This case comes before the court on defendant’s motion, filed February 4, 1976, to dismiss plaintiff’s petition, having been considered, together with the response in opposition thereto, without oral argument. The single motion before us in this tax refund suit is the Government’s motion to dismiss plaintiff’s petition as a sanction for the material alteration of relevant evidence shortly before the scheduled trial date. The merits of the case, not before us at this time, focus on the fair market value of a certain, painting in 1967 and 1968, in which years gifts of undivided interests in the paintings were made to the University of Houston and claimed as charitable deductions. It is this painting which was altered, allegedly with the authorization of plaintiffs, in December 1975 (a little over a month before the scheduled trial date in January 1976; and allegedly after the Government had indicated that it wished the painting itself to be available at the trial for inspection). The Government believes dismissal is appropriate because the alteration has prejudiced the Gov *705 ernment’s case on the 1967-68'value of the painting and constituted a flagrant usurpation of the trial.judge’s authority to determine evidentiary issues.
“We need not and do not examine our authority to dismiss under the circumstances presented by the ; Government because dismissal would be unjustified even if within pur power. Dismissal is a severe sanction to 'be imposed only ih extremé .situations. See, e.g., Micrecord Corp. v. United States, 161 Ct. Cl. 763, 765 (1963); Finley v. Parvin/Dohrmann Co., 520 F. 2d 386, 391 (2d Cir. 1975); Marshall v. Sielaff, 492 F. 2d 917, 918 (3d Cir. 1974); Mann v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 488 F. 2d 75, 76 (5th Cir. 1973) ; cf. Law v. United States, 195 Ct. Cl. 370, 440-41 (1971). (forfeiture of a claim, under 28 U.S.C. § 2514, is a harsh penalty to ’be imposed only upon clear and convincing evidence of fraud). Plaintiffs did not disobey any court order, and the Government has not provided clear and convincing evidence that the plaintiffs knew before the painting was delivered for ■cleaning that the Government wanted to have the painting, (in its overpainted condition) present at the trial. Until the •Government’s, attorneys wrote a letter which plaintiffs’ counsel quite possibly did not receive or. read before the painting was cleaned, the Government had expressed only the desirq •to have photographs available at trial: Plaintiffs secured the .requested photographs before the painting .was cleaned and have given those pictures to the Government. Thus, the Government has not demonstrated that plaintiffs defied a known wish of the Government and has acknowledged plaintiffs’, •compliance with the one request of which they definitely were aware. Finally, because plaintiffs have the burden of proof, it 'is they, not the Government, who will suffer the consequences if .the cleaning of the painting precludes ascertainment of the value of the painting in 1967 and 1968. For these reasons, dismissal would be unduly harsh. The Government remains-free ■to persuade the trier of fact, if.it can, that the plaintiff’s actions indicate awareness of having a bad case. This is the most customary- sanction for tampering with evidence when not in violation of law or order of the court. • . ,
“it is therefore ordered that defendant’s said motion, filed .February 4, 1976, to dismiss the petition be-and the same is *706 denied and the case is returned to the trial division for further appropriate proceedings.”