Patents; infringement; applicability of 35 U.S.C. §287 to suits under 28 U.S.C. §1498; limitation on damages; marking and notice; discovery; interlocutory review. — On May 2, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
In this patent infringement case defendant and Memorex Corporation (Memorex), third-party defendant, seek interlocutory review under Rule 53(c)(2)(i) of a discovery order filed March 20, 1980, by Trial Judge Browne. For the reasons stated below, we believe it would be inappropriate, at this time, to review the issue presented by the trial judge’s order. The request for interlocutory review is therefore denied and the case is remanded to the trial judge for further proceedings.
*610 In November 1978 plaintiff, Ampex Corporation (Ampex), filed this suit against the United States under 28 U.S.C. § 1498(a) (1976) alleging infringement of U.S. Patent No. 3,108,261, the "Miller patent.” The patent is for a "Recording and/or Reproducing System” used in computer system components. The November 1978 petition named three companies as suppliers to the United States of allegedly infringing devices. Third-party defendant Memorex, however, was not named as an accused supplier until July 30, 1979, when plaintiff amended its petition. Memorex contends July 30, 1979, was the earliest date it was on notice that some of its products may or did infringe plaintiffs patent.
Plaintiff served interrogatories 1, 2, 3, 5 and 6 on Memorex. These interrogatories generally sought discovery of details as to Government procurement of and technical details as to the structure and circuits of several Memorex models of digital signal recording or reproducing systems. Memorex provided manuals as to some of its models but resisted replying to any interrogatories seeking information pertaining to models supplied before July 30, 1979, the date when Memorex was first named as an accused supplier. Plaintiff moved to compel answers to these and other interrogatories in February 1980 and by order filed March 20, 1980, Trial Judge Browne granted plaintiffs motion as to the interrogatories at issue and certified his ruling for interlocutory review. Defendant submitted its request for interlocutory review March 31, 1980, together with Memo-rex as third-party defendant, bringing the case before us.
Defendant and Memorex justify the refusal to answer plaintiffs interrogatories as follows: In suits between private parties for patent infringement, 35 U.S.C. § 287 (1976)[1] provides that in the event patentees fail to mark *611 appropriately their patented items as such, the patentee, in a suit for infringement, can only recover damages for infringement occurring after the infringer was notified of the infringement and nevertheless continued to infringe. The filing of an action for infringement constitutes such notice. In this case it is conceded that neither Ampex nor its licensees has affixed to the patented apparatus manufactured and sold by Ampex the notice or mark permitted under 35 U.S.C. § 287. Memorex and defendant claim that because plaintiff did not comply with the patent marking system provided by 35 U.S.C. § 287, plaintiff is not entitled to recover infringement damages for any model types Memorex delivered to the United States before July 30, 1970, the filing date of the first petition which accused certain Memorex models of infringement. Thus, Memorex, with defendant, refuses to answer interrogatories pertaining to models supplied before July 30,1979.
Rejecting this reasoning the trial judge emphasized that plaintiffs action is one against the United States for "reasonable and entire compensation” under 28 U.S.C. § 1498(a). As such it is to be distinguished from an action against a private party under Title 35 in which 35 U.S.C. § 287 operates as a limitation of damages. Therefore the trial judge ruled that the United States, in an action under 28 U.S.C. § 1498, is not entitled to the limitation of damages defense of 35 U.S.C. § 287 available to a private defendant. As support for this conclusion the trial judge cites our decision in Leesona Corp. v. United States, 220 Ct. Cl. 234, 599 F.2d 958, 202 USPQ 424, cert. denied, 444 U.S. 991 (1979), in which we held that a plaintiff suing the United States under 28 U.S.C. § 1498(a) for reasonable compensation was not entitled to all the incidents of liability (such as treble damages and attorney’s fees) present in a Title 35 action against a private party for infringement damages. Defendant objects strongly to the trial judge’s ruling and insists the United States is indeed entitled to raise in a 28 U.S.C. § 1498(a) action the defense set forth in 35 U.S.C. §287.
*612 The issue of the applicability of 35 U.S.C. § 287 to actions under 28 U.S.C. § 1498(a) is an important one. Arguments can be made for both sides of the question. As the trial judge suggests, however, it is neither necessary nor desirable for the court to review the question at this stage of the litigation. Defendant and Memorex insist resolution of the question now will expedite litigation by narrowing the scope of facts and issues. Yet the trial judge doubts "seriously if ultimate termination of the litigation as to all parties will be materially advanced by permitting defendant’s request for interlocutory review.” Therefore there is little, if any, practical advantage to review at this time.
More significantly, as the trial judge notes, 35 U.S.C. § 287 operates only as a limitation of damages and "should be taken into consideration only when and if liability is established and only the amount of recovery remains to be determined.” In other words, even assuming 35 U.S.C. § 287 applies to 28 U.S.C. § 1498(a) actions, it should not be invoked as a bar to discovery of facts material to the issue of liability. Again, as the trial judge stated in his order of March 20, 1980, "To foreclose discovery during the liability stage might preclude the parties from discovering admissible evidence on liability issues such as laches, prior sale or public use, prior invention, etc.” The discovery currently underway relates both to issues of liability and amount of damages. It should not be restricted by a defense relating (if the defense pertains at all) solely to the amount of damages.
To summarize: The question of whether 35 U.S.C. § 287 applies to actions under 28 U.S.C. § 1498(a) is significant and may well eventually call for a decision by this court. Because of the discovery stage of this litigation, however, it is inappropriate to resolve the matter at this time. Needless to say, nothing said herein should be construed as pertaining to the merits of the issue involved nor as precluding defendant, and third-party defendant, from raising the applicability of 35 U.S.C. § 287 when and if the case again comes before this court on review of a recommended opinion of the trial judge.
Accordingly, it is therefore ordered, upon the parties’ submissions but without oral argument, that the request of defendant and of third-party defendant for interlocutory *613 review of the trial judge’s order of March 20, 1980, in this case is denied. The case is remanded to the trial division for further proceedings.

 35 U.S.C. §287 (1976) reads:
§ 287. Limitation on damages; marking and notice Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent” or the abbreviation "pat.”, together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be *611 recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice. (July 19,1952, ch. 950, § 1, 66 Stat. 813.)