This action is before the court pursuant to Rule 102(b)(2) on the defendant’s motion to dismiss for lack of prosecution. Plaintiffs have opposed this motion and have also requested leave to amend their petition, the latter being opposed by defendant.
Plaintiffs petition seeks compensation for relocation costs incurred after Parlane Sportswear Co., Inc. (Parlane) was forced to vacate the premises it was leasing from Tufts University. Parlane carried on a clothing manufacturing business on the premises and Tufts University decided to use the building as a cancer research center, created pursuant to a grant from the Department of Health, Education and Welfare (now Health and Human Services). Additional facts relating to this case can be found in Parlane Sportswear Co. v. Weinberger, 381 F. Supp. 410 (D. Mass. 1974), and Parlane Sportswear Co. v. Weinberger, 513 *659 F. 2d 835 (1st Cir.), cert. denied, 423 U. S. 925 (1975), and will not be repeated here.[1]
Plaintiffs’ inaction below in prosecuting their claim is certainly serious and therefore defendant’s attempt to secure a motion to dismiss is understood. For example, plaintiffs failed to respond to the Standard Pretrial Order on Liability or to a variety of inquiries from the trial judge assigned to their case. Standing alone, this inaction could be sufficient to grant defendant’s motion. Under the instant facts, however, we find defendant’s motion to be inappropriate at this time.
Parlane is a corporation and therefore must be represented by an attorney in order to prosecute a claim in this court. Rule 203; International Institute for Fundamental Studies, Inc. v. United States, 222 Ct.Cl. 626 (1980).[2] The record indicates neither plaintiff was able to secure effective representation during the period complained of. At various times, plaintiffs were represented by either of two law firms, both of which failed to provide adequate prosecution of the claim.[3] The record even contains a letter from one of the firms previously retained by plaintiffs which, by our reading, places the blame for the nonprosecution of this matter on the firm and not plaintiffs. Nevertheless, even this may not be sufficient to deny a motion to dismiss for nonprosecution. A party must assume some responsibility to see that its claim is being properly prosecuted. In this regard, we are most impressed by the continuous action on the part of plaintiff Paul Gold, Parlane’s principal shareholder, to secure competent counsel and to see that the action would be properly handled, after those supposedly qualified to handle the matter abandoned the case in a seemingly precipitous maimer. Moreover, we have been assured by plaintiffs’ current counsel that he has been *660 compensated and that there is no likelihood of any future delays now that he is in charge of the case.
We have held in the past that a motion to dismiss for nonprosecution is a severe sanction to be imposed only in extreme situations. Micrecord Corp. v. United States, 161 Ct. Cl. 763, 765 (1963); Hudson v. United States, 210 Ct. Cl. 704 (1976). Thus, in light of the facts militating in plaintiffs’ favor, we believe a dismissal here is unjustified. See also Jackson v. Washington Monthly Co., 569 F. 2d 119, 123-124, (D.C. Cir. 1977).
Plaintiffs also seek permission to amend their petition. Defendant opposes this request citing undue delay, dilatory tactics, etc., on the part of plaintiffs. Amendments are generally freely given if there is no prejudice to the opposing party, and allowance of an amendment at this stage may be given if there is a good reason for exercising our discretion in plaintiffs’ favor. See Loral Electronics Corp. v. United States, 187 Ct. Cl. 499, 503, 409 F. 2d 578, 580 (1969). We feel that denying plaintiffs’ request on the grounds alleged by defendant would be inconsistent with our analysis above dealing with the motion to dismiss. Plus, defendant has been adequately apprised of the basis of the claim stated in the proposed amended petition; thus, allowing the amendment should work no disadvantage to defendant.
Defendant also states that we should deny plaintiffs’ request to amend the petitión due to the futility of that action because "[Plaintiffs will have difficulty showing the existence of an implied-in-fact contract on the facts outlined in their [proposed] amended petition.” This objection raised by defendant would be inappropriate even if we were considering whether or not to dismiss the petition. The accepted rule is that a petition should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley v. Gibson, 355 U. S. 41, 45-46 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 p. 598 (1969).
Therefore, the objections raised by defendant to the requested amendment of the petition are insufficient. Hence, at this point we will allow the petition to be *661 amended. This does not mean, however, that a subsequent motion for summary judgment after the amendment of the petition and after more extensive briefing and development of the case may not be entertained.
In conclusion, with the change in counsel we expect plaintifffs hereafter to conduct their dealings with the court and opposing counsel in a prompt, expeditious, and forthright manner.
accordingly, it is ordered that defendant’s motion to dismiss is denied and plaintiffs’ request to amend its petition is granted.

 As defendant concedes, plaintiffs contract claim was not within the jurisiction of those prior courts reviewing the controversy. Thus, their resolutions do not operate as an adjudication on the merits, precluding our application of either res judicata or collateral estoppel.

 Plaintiff Paul Gold, as an individual, may appear pro se; and Mr. Gold did make some effort to handle this pro se. His interests, however, were also prejudiced by the actions of the law firms and thus we will not dismiss the action as to him.

 Apparently, the plaintiffs’ financial integrity was an element in the actions of the law firms.