This patent case comes before the court on defendant’s motion for partial dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief *781 may be granted pursuant to Ct. Cl. Rule 38(b)(1) and (2). Plaintiff has opposed the motion. We hold for defendant.
For purposes of the motion we assume the facts as alleged in plaintiffs petition to be true and summarize them briefly. Plaintiff is the sole owner of Patent No. 3,217,568, which issued on November 16,1965. The invention covered by the patent is a device for controlling deep boring operations in a rotating object. The petition further alleges that defendant has infringed the patent through unlawful and unauthorized use of plaintiffs invention by the United States Army at the Watervliet Arsenal in Watervliet, New York. Plaintiff filed an administrative claim for the alleged infringement which was denied on or about March 25,1968. Another claim was filed in 1979 but has not been acted upon. The petition was filed here October 6, 1980. In it plaintiff seeks, inter alia, (1) reasonable and entire compensation for the unauthorized infringement of the patented invention, (2) treble damages pursuant to 35 U.S.C. §284 (1976), (3) a reasonable royalty for all future use of the invention by defendant for the term of the patent, and (4) attorney fees, apparently pursuant to 35 U.S.C. § 285 (1976). The petition asserts that this court has jurisdiction based on 28 U.S.C. § 1491 (1976 & Supp. Ill 1979) (amended 1980) and 28 U.S.C. § 1498 (1976 & Supp. Ill 1979) and that the claim is brought under 35 U.S.C. §§ 271, 281, 284, and 285 (1976).
Defendant first argues that the case falls strictly under 28 U.S.C. § 1498, which provides for patent claims against the United States, and that there is no jurisdiction under the Tucker Act, 28 U.S.C. § 1491. The Tucker Act provides for claims for money damages against the United States which are founded upon the Constitution, Acts of Congress, regulations of an executive department, express or implied contracts with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. Defendant asserts that the only possible basis of Tucker Act jurisdiction in this case would be a contract claim but points out that the petition alleges no contract between plaintiff and the United States, and hence there is no Tucker Act claim at all.
*782 Plaintiffs response accepts the premise that he must show a contract claim in order to get under the Tucker Act. He attempts to satisfy this requirement by indicating that defendant has brought a contract issue into the case. Plaintiff points to defendant’s second affirmative defense in its answer, which states that defendant is licensed to practice plaintiffs patent because of one or more contracts and/or license agreements with plaintiff or those in privity with plaintiff. However, allegations in the answer are simply not enough to establish Tucker Act jurisdiction on the basis of contract. It is up to plaintiff to state in the petition those facts upon which the court’s jurisdiction depends. Ct. Cl. Rule 35(a). Our rules require that where a claim is founded on contract, a description of the contract sufficient to identify it and the substance of those portions of the contract relied upon must be pleaded in the petition. Ct. Cl. Rule 35(a). Loral Elec. Corp. v. United States, 187 Ct. Cl. 499, 503 n.6, 409 F.2d 578, 581 n.6 (1969); Bateson-Stolte, Inc. v. United States, 142 Ct. Cl. 304 (1958). Plaintiff has pleaded no facts which would even show the existence of a contract, much less a breach of contract claim. Nor has it sought leave in the alternative to amend to show a breach of contract claim. Accordingly, we hold that plaintiff has failed to establish jurisdiction over its claim under 28 U.S.C. § 1491.
We now turn to defendant’s assertion that portions of the petition fail to state a claim. As a preliminary matter, plaintiff argues that this part of the motion cannot succeed as a motion to dismiss. Indeed, as the motion has come after the close of pleadings, it is actually a motion for partial judgment on the pleadings under Ct. Cl. Rule 38(c) (rather than a motion to dismiss under Ct. Cl. Rule 38(b)(2)), and we will treat it as such. We perceive no prejudice to plaintiff in our recharacterizing the motion as such. Defendant seeks to eliminate certain issues from the case in order to simplify the proceedings and that is proper at this stage.
We now consider the merits of the motion. Defendant contends that 35 U.S.C. §§ 271, 281, 284, and 285 provide no basis for stating a claim against the United States. Section 271 sets forth acts constituting patent infringement. Section 281 provides a civil remedy for patent infringement. *783 Section 284 provides for damages for patent infringement, including treble damages. Section 285 provides for the award of attorney fees to the prevailing party in exceptional patent infringement cases. Defendant’s motion is well taken. The provisions of Title 35 which give a right of action between private parties and remedies for infringement are not directly applicable to a suit against the United States. Decca Ltd. v. United States, 225 Ct.Cl. 326, 640 F.2d 1156 (1980), cert. denied, 454 U.S. 819 (1981); Leesona Corp. v. United States, 220 Ct. Cl. 234, 559 F.2d 958, cert. denied, 444 U.S. 991 (1979). Instead, plaintiff must seek relief under the provisions of 28 U.S.C. § 1498. As stated in our recent case of Decca Ltd. v. United States, supra:
* * * Section 1498 of 28 U.S.C. (1976) authorizes the Government to take, through exercise of its power of eminent domain, a license in any United States patent. Section 1498 provides the sole remedy available to a patentee for an eminent domain taking of a license in his patent. The remedy is monetary and must be pursued by means of an action in this court. [225 Ct. Cl. 334, (emphasis in original) (footnotes omitted).]
We have also held that the treble damage provisions of section 284 and the attorney fee provisions of section 285 are not incorporated by reference into section 1498. Leesona Corp. v. United States, supra. Plaintiffs response to this is that the Leesona case is only a single precedent and that defendant cites no Supreme Court cases as authority. However, the Leesona case does bind this panel. The Leesona case did not establish a rule which would vary from case to case, as plaintiff also suggests, but rather a general rule that increased damages and attorney fees are not recoverable as reasonable and entire compensation in suits under section 1498.[1] In sum, jurisdiction and the basis for plaintiffs claim rest on section 1498 alone.
Finally, defendant asserts that we can give plaintiff no relief for any future use of plaintiffs patent. This is basic to our jurisdiction. We can only render money judgments for money presently due and owing from the United States. *784 United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969). Plaintiff argues that it would waste effort to require it to bring suit for future infringements. Nevertheless, relief for future infringements is beyond the power of the court by declaratory judgment or otherwise.
it is therefore ordered, after careful consideration of the briefs and other papers, but without oral argument, that defendant’s motion is granted in its entirety. The case is remanded to the trial division for further proceedings.

 The question of whether attorney fees are recoverable on some other basis, such as the Equal Access to Justice Act, Pub. L. No. 96-481, 94 Stat. 2321 (1980), is not before us and we express no opinion on the matter.