**MOTOROLA, INC.**

v.

**The UNITED STATES.**

No. 38–79.

United States Claims Court.

Feb. 4, 1983.

---

4. Defense counsel implies that the maternity leave commenced within the period September 30, 1982, when plaintiff's brief was originally due and November 12, 1982, when that brief was filed after two extensions totalling 45 days. Thus, defendant is stating that had plaintiff adhered to the court-ordered schedule, agency counsel would have been available to assist between September 30 and November 29, 1982, when defendant's cross-motion would have been due absent plaintiff's extensions.

5. Counsel's absence from the United States from January 10–19, 1983, supports the amount of additional time requested, but does not excuse the failure to meet the original deadline. The litigation cited as justification for the prior extension was another case.

Eugene A. Parsons, Phoenix, Ariz., for plaintiff.

William O. Geny, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Vito J. DiPietro, Washington, D.C., of counsel.

## OPINION

SETO, Judge:

In this action to recover compensation for patent infringement under 28 U.S.C. § 1498, cross-motions for summary judgment have been filed to determine the period within which recoverable damages occurred.

The plaintiff, Motorola, Inc. (Motorola), owns U.S. Patent No. 3,383,680, issued to Liscum Diven (the Diven patent), for a novel radar transponder capable of emitting a train of electronic reply pulses in response to a similar pulse train, but wherein each reply pulse has been subjected to a varying time delay. In the first half of this case, the Diven patent was held valid and infringed by the Marine Corps' AN/PPN–18

radar beacon transponder (radar beacon), manufactured by Vega Precision Laboratories (Vega). *Motorola, Inc. v. United States,* No. 38–79 (Ct.Cl. filed Oct. 9, 1981) (Order adopting trial judge's recommended decision.).

Having determined that defendant is liable, this court must now determine the amount of recovery, if any. Both plaintiff and defendant have made cross-motions for summary judgment. Although both motions for summary judgment raise several issues, all of those issues are encompassed by the genus entitled the period of accounting. The period of accounting specifies the time frame during which plaintiff will be entitled to recover damages.

Defendant procured an assemblage of radar beacons which infringed the Diven patent. Defendant's infringing radar beacons constitute a taking of plaintiff's patent rights under defendant's powers of eminent domain. Consequently, plaintiff contends that it is entitled to compensation, pursuant to 28 U.S.C. § 1498, for defendant's taking of rights under the Diven patent.

## FACTS

During 1966 and 1967, the Marine Corps needed a device by which supporting combat aircraft could identify ground troops. To develop such a device, the Marine Corps engaged Syracuse Research Corp. (SRC). SRC developed a specification for small portable radar beacons which fulfilled the Marine Corps' needs and, pursuant to this specification, purchased 10 small portable radar beacons from both Motorola and Vega for evaluation. None of these beacons purchased by SRC, however, are involved in this action.

Subsequently, the Marine Corps itself procured 30 radar beacons from plaintiff, Motorola, for further evaluation. Although Motorola's radar beacons were patented under the Diven patent, none of the 30 radar beacons which Motorola sold to the Marine Corps were marked with notice of Motorola's patent rights.

In 1969, the Marine Corps chose to procure 112 radar beacons, and tendered to industry a Request for Proposals, No. M00027–69–R–0584 (the '0584 Request), seeking offers to supply radar beacons. Both Motorola and Vega submitted offers in response to the '0584 Request. After assessing both offers, Vega was subsequently awarded Contract No. M00027–70–C–0014 (the '0014 Contract), under which contract, Vega commenced supplying radar beacons, designated as AN/PPN–18, to the Marine Corps. Vega delivered 112 radar beacons to the Marine Corps between December 11, 1969, and April 30, 1971, in fulfillment of this contract.

In December 1975, the Marine Corps tendered a second Request for Proposals, No. M00027–76–R–0005 (the '0005 Request), for offers to supply the Marine Corps with additional radar beacons. Attached to the '0005 Request, were schematic electrical diagrams of the AN/PPN–18 radar beacon, that were supplied by Vega under the '0014 Contract. Motorola responded by letter, dated February 25, 1976, to the '0005 Request. In its response, Motorola asserted that the AN/PPN–18 radar beacons described in the '0005 Request, infringed Motorola's Diven patent.

Motorola filed a formal administrative claim of patent infringement with the Navy, on April 20, 1976. Through an undated letter, received by Motorola on January 3, 1979, the Navy denied Motorola's claim of infringement. Motorola filed suit in this court (then the Court of Claims) on January 31, 1979.

## DISCUSSION

While both plaintiff's and defendant's motions for summary judgment assert numerous grounds for the granting of said motions, all relate to the period of accounting. However, only defendant's contention that Motorola is barred from recovering any compensation by virtue of 35 U.S.C. § 287, which bars recovery for patent infringement if the patent owner failed to mark his patented goods with notice of his patent rights, has been considered, as it is dispositive of this case.

Title 35, United States Code, Section 287 advises patent owners to mark their patented devices with notice of their patent rights. If the patent owner fails to do so, the period of accounting for which he can recover for patent infringement, is limited to that period occurring after actual notice of the infringement has been received by the infringer. 35 U.S.C. § 287. *Dunlap v. Schofield,* 152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894).

As noted earlier, before the Marine Corps had sent out its initial Request for Proposals to supply radar beacons (the '0584 Request), it procured 30 patented radar beacons from Motorola. However, Motorola failed to mark those beacons with notice of its Diven patent. Title 35, United States Code, Section 287 bars recovery for damages accruing before Motorola actually notified the Marine Corps of its infringement of the Diven patent. As a defense, Motorola advances the proposition that section 287 of title 35 is not incorporated into 28 U.S.C. § 1498. *See Ampex Corp. v. United States,* 224 Ct.Cl. 609, 213 U.S.P.Q. 382 (1980). Should the court find that 35 U.S.C. § 287 *is* incorporated in section 1498, of title 28, then Motorola would be barred from recovering damages for patent infringement before it had given the required notice to the Marine Corps. The issue regarding the recovery of damages accruing after Motorola notified the Marine Corps of its infringement is *not* before us because Vega's deliveries of infringing beacons pursuant to the '0014 Contract, had been completed before Motorola notified the Marine Corps of its patent infringement.

The United States is liable for patent infringement solely through 28 U.S.C. § 1498, which authorizes the compensation of a patent owner for any patent rights taken by the U.S. Government. *Leesona Corp. v. United States,* 220 Ct.Cl. 234, 599 F.2d 958, 202 U.S.P.Q. 424, *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The theory of recovery under § 1498 is not for tortious patent infringement, but rather, for the fifth amendment

taking of the right of patent owners to bring suit against private Government contractors. *Crozier v. Krupp,* 224 U.S. 290, 305, 32 S.Ct. 488, 491–492, 56 L.Ed. 771 (1912); *Decca Ltd. v. United States,* 225 Ct.Cl. ——, 640 F.2d 1156, 209 U.S.P.Q. 52 (1980).

Although the United States is not liable for the tort of patent infringement under title 35, as are private infringers, 28 U.S.C. § 1498 is construed as analogous to title 35, when the congressional intent is unclear, and when such a reading would be consistent with section 1498. *Irving Air Chute Co. v. United States,* 93 F.Supp. 633, 117 Ct.Cl. 799, 805 (1950). The sections of title 35 which have not been incorporated into 28 U.S.C. § 1498 involve tortious remedies— inappropriate for the compensation of *lawful* takings of nonexclusive patent rights, such as in the case at bar. *Bendix Corp. v. United States,* 230 Ct.Cl. ——, ——, 676 F.2d 606, 607–08 (1982); *de Graffenried v. United States,* 228 Ct.Cl. ——, 213 U.S.P.Q. 447 (1981); *Leesona Corp. v. United States,* 220 Ct.Cl. at 252, 599 F.2d at 969, 202 U.S.P.Q. at 435 (1979). *A posteriori,* 35 U.S.C. §§ 284, 285, which allow, respectively, the recovery of treble damages and attorney fees, are suitable only for the tortious infringement of property rights, and thus have *not* been incorporated into 28 U.S.C. § 1498. *Bendix,* 230 Ct.Cl. at ——, 676 F.2d at 607–08; *de Graffenried,* 228 Ct.Cl. at ——, 213 U.S.P.Q. at 449.

Title 35, United States Code, Section 287 bars recovery of damages for infringement occurring prior to notice of the infringement. The purpose of section 287 is to protect the innocent infringer who would be lawfully copying the patented device, but for the unknown patent rights protecting the device. *Horvath v. McCord Radiator & Manufacturing Co.,* 100 F.2d 326, 337, 40 U.S.P.Q. 394, 404 (6th Cir.1938), *cert. denied,* 308 U.S. 581, 60 S.Ct. 101, 84 L.Ed. 486 (1939). (35 U.S.C. § 45 was incorporated into 35 U.S.C. § 287, July 19, 1952, c. 950,

§ 1, 66 Stat. 831.) Title 35, United States Code, Section 287, protects not only the purchaser of a patented device who innocently copies, but also any innocent infringer who may acquire or imitate the patented device through any lawful manner. A non-owner-innocent infringer can only know of patent rights, if the patented device is itself marked with notice of the patent. For example, if the only notice of the patent were in the sales contract between the seller-patent owner and the original buyer, then any subsequent user of the patented device would be incognizant of the patent. Therefore, to shield innocent infringers, 35 U.S.C. § 287 bars recovery for innocent patent infringement unless notice of the patent was affixed directly on the patented device or, if the device defies direct marking, the patent notice is affixed to the device's packaging. Moreover, mere indirect notice of the device's patent protection will not preclude an infringer of the shelter of section 287. *Carlisle v. Estes,* 157 U.S.P.Q. 6 (D.Colo.1967); *Son v. Pressed Steel Car Co.,* 21 F.2d 528 (S.D.N.Y.1927). Nor will an infringer be deemed to have actual notice of his infringement by virtue of information within his possession which might cause him to conclude there is infringement. *Smith v. Dental Products,* 140 F.2d 140, 151–52, 60 U.S.P.Q. 260, 271 (7th Cir.), *cert. denied,* 322 U.S. 743, 64 S.Ct. 1146, 88 L.Ed. 1576 (1944); *Lemelson v. Fisher Price Corp.,* 545 F.Supp. 973, 975–76 (S.D.N.Y.1982); *Parker Rustproof Co. v. Ford Motor Co.,* 23 F.2d 502 (E.D.Mich.1928). Thus, the primary imprimatur of patent protection must be manifested through actual notice to the infringer through the packaging or on the device itself. Only the knowing infringer, who has been notified that he is or presently will be infringing the patent, is precluded from utilizing 35 U.S.C. § 287 to avert liability for damages for patent infringement.

Motorola contends that 35 U.S.C. § 287 should not be incorporated into 28 U.S.C. § 1498.[1] However, such a construction of

---

1. Two opinions from the trial division of the Court of Claims recommended that 28 U.S.C. § 1498 be construed as having not incorporated 35 U.S.C. § 287. *Kornylak Corp. v. United States,* 207 U.S.P.Q. 145 (Ct.Cl.Tr.Div.1980); *Ampex Corp. v. United States,* 207 U.S.P.Q. 440

§ 1498 would thwart the congressional intent of § 1498. The Revisor's Notes appended to § 1498 stated that "[i]n absence of a statutory restriction, *any defense* available to a private party is equally available to the United States." 28 U.S.C.A. § 1498 (1970). (Emphasis supplied). *W. Viten Ltd. v. United States,* 213 Ct.Cl. 759, 761 (1977). While 35 U.S.C. § 287 limits the damages recoverable for patent infringement to that time after proper notice is provided to the infringer, it is not a substantive defense to a claim for patent infringement. *Ampex Corp. v. United States,* 224 Ct.Cl. 609, 213 U.S.P.Q. 382 (1980). Thus, the Revisor's Notes do not expressly incorporate section 287—section 287 not being a *per se* defense. However, since section 287 is a limitation on the recovery of damages for patent infringement and thus, similar in effect to a defense, incorporating section 287 into 28 U.S.C. § 1498 appears to be within the spirit of the Revisor's Notes.

The congressional intent behind 28 U.S.C. § 1498 was to free governmental contractors from liability for patent infringement. *Richmond Screw Anchor Co. v. United States,* 275 U.S. 331, 345, 48 S.Ct. 194, 197, 72 L.Ed. 303 (1928). Pursuant to its congressional intent, section 1498 has taken the right of a patent owner to recover from a governmental contractor for infringement, and shifted the liability of a contractor's infringement to the Government. *Id.* Congress intended the Government's liability for patent infringement to be that required by the fifth amendment to the Constitution,

namely to recover compensation for the exact equivalent of that which was taken. *Id., Simmonds Precision Products, Inc. v. United States,* 153 U.S.P.Q. 465, 472 (Ct.Cl. Tr.Div.1967).

■ Therefore, Motorola's recovery under section 1498 should be substantially equal to that which it could have recovered against a private infringer for the manufacture of infringing radar beacons. *Bendix Corp. v. United States,* 230 Ct.Cl. ——, ——, 676 F.2d 606, 608 (1982). Since Motorola's private recovery against Vega, a private infringer, could have been barred by 35 U.S.C. § 287, for failure to mark the patented goods, Motorola's recovery from the Government should be similarly barred. *A posteriori,* section 287 is incorporated into 28 U.S.C. § 1498, and thus may be used to bar Motorola's recovery from the United States. *See W. Viten Ltd. v. United States,* 213 Ct.Cl. at 759; *Simmonds Precision Products, Inc. v. United States,* 153 U.S. P.Q. at 472.

■ Assuming, arguendo, that section 287 of 35 U.S.C. is found to be applicable to the Government via section 1498 of 28 U.S.C., Motorola still asserts that it provided notice to the Marine Corps of potential infringement of the Diven patent in its July 24, 1969, response to the '0584 Request. Vega began deliveries of the AN/PPN-18 radar transponder to the Marine Corps on December 11, 1969,[2] thus, *subsequent* to Motorola's asserted notice. However, the alleged notice of infringement in Motorola's

(Ct.Cl.Tr.Div.1980). However, neither of these opinions was adopted by the full Court of Claims and are, therefore, not binding on this court. Moreover, the line of reasoning used in these two cases has been repeatedly rejected by the full Court of Claims. *See Decca Ltd. v. United States,* 225 Ct.Cl. 326, 640 F.2d 1156, 209 U.S.P.Q. 52 (1980) (Trial Judge's recommendations filed March 29, 1979); *Leesona Corp. v. United States,* 220 Ct.Cl. 234, 599 F.2d 958, 202 U.S.P.Q. 424, *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979); *Hale Brothers Assoc., Inc. v. United States,* 213 Ct.Cl. 757 (1977) (dismissing as *obiter dictum* the 35 U.S.C. § 287 issue discussed in the Trial Judge's recommended opinion. *Hale Brothers,* 192 U.S.P.Q. 114 (Ct.Cl.Tr.Div.1976)).

2. Delivery of the infringing devices vests the patent owner's cause of action pursuant to 28 U.S.C. § 1498. *Tektronix, Inc. v. United States,* 216 Ct.Cl. 144, 575 F.2d 832, 198 U.S. P.Q. 378 (1978). Each delivery of an infringing device constitutes a new taking of patent rights, and accrues a separate cause of action under 28 U.S.C. § 1498. *Irving Air Chute, Inc. v. United States,* 93 F.Supp. 633, 117 Ct.Cl. 799 (1950). A section 1498 cause of action is completed by the delivery of infringing goods. *Id.* The action is not continuous as are those for the tort of patent infringement. *Id.* Thus, Motorola's cause of action vested when the infringing beacons were delivered to the Government.

response, merely mentioned that the Motorola radar beacon was patented; it did not allege that the Diven patent was or would be infringed by the Vega radar beacons or any other radar beacons. Therefore, Motorola's notice did not meet the requirement of 35 U.S.C. § 287, namely, to specifically notify the defendant of the prospective infringement. *Briggs v. Wix Corp.,* 308 F.Supp. 162, 170, 163 U.S.P.Q. 283, 290 (N.D.Ill.1969); *Carlisle v. Estes,* 157 U.S. P.Q. 6 (D.Colo.1967). Since Motorola did not notify the Government of the infringement of the Diven patent until after Vega had finished delivering the infringing radar beacons, 35 U.S.C. § 287 bars recovery for the defendant's procurement of infringing radar beacons delivered under the '0014 Contract.

## CONCLUSION

Although the defendant's liability was established in the first half of this bifurcated case, *Motorola, Inc. v. United States,* No. 38–79 (Ct.Cl. filed Oct. 9, 1981), this court concludes that the plaintiff is barred from any recovery.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted and that the complaint be dismissed.