**Jerome H. LEMELSON, Plaintiff,**

v.

**FISHER PRICE CORPORATION, Defendant.**

No. 81 Civ. 4509.

United States District Court, S. D. New York.

Aug. 17, 1982.

Arthur T. Fattibene, New York City, for plaintiff.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for defendant;

John M. Calimafde, James J. Foster, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Jerome H. Lemelson, commenced this action against defendant, Fisher Price Corporation, for infringement of a patent covering a sound-producing bellows for use in noise-making toys. The patent was issued on June 20, 1961; it expired on June 20, 1978.

The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that because it was not notified of the alleged infringement until after the patent expired, plaintiff, as a matter of law, may not recover damages even assuming infringement. The plaintiff resists the motion upon a claim that a material issue of fact exists as to defendant's knowledge of the patent prior to its expiration.

■ To recover damages for the alleged infringement, plaintiff must establish either (1) that he gave public notice of his patent by affixing the word "patent" or the abbreviation "pat." together with the patent number on the patented articles, or failing that, (2) that the infringer was notified of the infringement and continued to infringe thereafter, in which event, damages may be recovered only for infringement occurring after such notice.[1]

■ As to constructive notice to the public, the issue is foreclosed under a final ruling made by Judge Leval in an action commenced in this Court by the plaintiff against another defendant, Victor M. Bulgarelli Associates, Inc., charging infringement of the same patent at issue here.[2] Although the plaintiff prevailed on the infringement issue in the *Bulgarelli* action, the defendant there contended that since neither plaintiff nor his licensees had adequately marked the products produced under the patent, plaintiff could not recover damages for infringement which occurred prior to the receipt of actual notice. The issue of patent marking was litigated initially before a magistrate and subsequently before Judge Leval who held that there had been no adequate markings on the toys to constitute constructive notice under 35 U.S.C., section 287. As a result, Judge Leval held that plaintiff's claim for damages was limited to the period from June 28, 1975, the date of actual notice to the defendant, until June 20, 1978, the date of the patent's expiration. Thus plaintiff cannot prevail here on any claim of constructive or public notice since that issue has already been resolved against him and is preclusive under the doctrine of collateral estoppel as set forth in *Blonder-Tongue Labs v. University of Illinois Foundation.*[3] Accordingly, to

---

1. 35 U.S.C. § 287 provides in pertinent part:
   Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent.... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing an action for infringement shall constitute such notice.

2. No. 76 Civ. 3769 (S.D.N.Y. Mar. 17, 1982) (which action upon Judge Pierce's elevation to the Court of Appeals was assigned to Judge Leval).

3. 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Montana v. United States*, 440 U.S. 147, 153, 157, 99 S.Ct. 970, 973, 975, 59 L.Ed.2d 210 (1979); *Goldstein v. Doft*, 236 F.Supp. 730 (1964), *aff'd*, 353 F.2d 484 (2d Cir. 1965), *cert. denied*, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966); *Kreager v. General Electric*, 497 F.2d 468, 471–72, *cert. denied*, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974) (to support a defense of res judicata (1) there must have been a final judgment on the merits in the prior action; (2) the identical issue sought to be raised in the second action must have been decided in the prior action; and (3) the party against whom the defense is asserted must have been a party or in privity to a party to the prior action).
   There is a difference in the time frames of the constructive notice questions in *Bulgarelli* and this action: in *Bulgarelli*, the cut-off date was

prevail in this action, plaintiff must establish under section 287 "proof that the infringer was notified of the infringement and continued to infringe thereafter."

It is not disputed that the only actual notice served by plaintiff was in January 1981, more than two years after the expiration of the patent. However, plaintiff seeks to overcome this deficiency upon a claim that actual notice is not required; he contends that defendant was "notified" within the meaning of the statute since it knew of plaintiff's patent before the date of its expiration. In support of this contention, plaintiff argues that the defendant is a well-established toy maker and knowledgeable as to all ongoing matters in the toy field and must have been aware of developments within the industry; that the defendant advertised in trade journals in which plaintiff's licensees also advertised; that the licensee's advertisements allegedly carried a "patented" notice on the advertised product which necessarily were seen by defendant's representatives before defendant received actual notice; and that since plaintiff has been engaged in a series of lawsuits with other alleged infringers with respect to the patent, defendant was aware or should have known of the patent. Accordingly, plaintiff argues that under these circumstances, it is "inconceivable" [4]

that the defendant was not aware or apprised of plaintiff's patent.

■ The attempt by plaintiff to impute actual notice to the defendant based upon an inference to be drawn from circumstantial evidence would make a shambles of section 287 and read the notice requirement out of the statute. Its clear purpose, when a patentee has failed to mark his article so as to charge the public with constructive notice, is to require actual notice of the alleged infringement to the defendant as a condition for the recovery of damages. It is not asking too much of a patentee who receives a monopoly grant under his patent for a 17-year period that he either mark his product or serve actual notice upon a claimed infringer if he seeks to recover damages.

■ The cases that have considered the issue have uniformly held that actual notice or some affirmative act on the part of the patentee establishing notice to an alleged infringer is a prerequisite to the recovery of damages. The Supreme Court in *Dunlap v. Schofield* [5] considered a predecessor statute to section 287. In interpreting the old statute, which contained the same relevant language as the current statute,[6] Mr. Justice Gray held for an unanimous Court:

June 28, 1975, when the defendant received actual notice, while here, the cut-off date is June 20, 1978, the date when the patent expired (rather than the date of actual notice which was later, to wit, January 1981). All but one of plaintiff's licensees ceased manufacturing his patented device by 1971. The only product manufactured after 1971 was a doll. Plaintiff admits that this doll was not marked in a manner visible to the public, but relies instead on the fact that the licensee manufacturing the doll advertised it with a patented notice in trade journals up to 1977. Plaintiff made the same argument regarding the doll in the *Bulgarelli* action, and Magistrate Tyler rejected it. No. 76 Civ. 3769, slip op. at 4 (Oct. 13, 1981). The ruling was upheld upon review by Judge Leval who, in addition, made a de novo ruling that constructive notice had not been given. No. 76 Civ. 3769 (Mar. 17, 1982). Plaintiff does not claim that its licensee began marking the doll in a visible manner after June 1975 (the cut-off date in *Bulgarelli*). Thus he does not assert any change in factual circumstances after 1975. As a result, the later cut-

off date in this action does not prevent the two issues from being identical for purposes of collateral estoppel. *See Montana v. United States*, 440 U.S. 147, 158–62, 99 S.Ct. 970, 976–78, 59 L.Ed.2d 210 (1979).

4.  Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 8.

5.  152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894).

6.  The old statute, 35 U.S.C. § 49 (1946 ed.), reads in pertinent part as follows:
    It shall be the duty of all patentees ... to give sufficient notice to the public that the ... [patented article] is patented ... by fixing thereon the word "patent," together with the number of the patent ... and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make, use, or vend the article so patented.

The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public by marking his article "patented" or to the particular defendants by informing them of his patent and of their infringement of it.

One of these two things, marking the articles, or notice to the infringers, is made by the statute a prerequisite to the patentee's right to recover damages against them. *Each is an affirmative act, and is something to be done by him.* Whether his patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers, before he can charge them in damages.[7]

Section 287 thus requires the patentee to perform "an affirmative act." General knowledge in the marketplace of the existence of a patent is not a substitute for action by the patentee; to hold otherwise, in effect, would relieve a patentee of compliance with the requirements of section 287.

Cases subsequent to *Dunlap* have adhered to its rule that actual notice requires an affirmative act and have enforced that rule strictly. Thus in a case[8] where (1) plaintiff and defendant had entered into a license agreement which authorized the defendant to sell certain "articles covered by patents, applications for patents or sold under the name of" plaintiff; (2) defendant had received a letter from plaintiff referring to the patent situation which had been the subject of several conferences between them and wherein plaintiff alleged that defendant's manufacture and sale of the items was an unauthorized infringement and demanded an accounting, the court imposed a strict requirement that the infringer be notified that it was infringing on a specific patent:

Certainly general knowledge on the part of the defendant that plaintiff was the owner of a large number of patents or that it had been granted blanket protection from plaintiff's far flung monopoly in the trademark and patent field was not sufficient to constitute notice of the particular patents in suit. . . .

It follows that an accused infringer must receive actual notice of the specific patent which he is alleged to infringe before he can be required to respond in damages. As was said in *Parker Rust Proof Co. v. Ford Motor Co.,* D.C., 23 F.2d 502, 503: "Proof is required to show that the defendant was notified by the plaintiff of the infringement, and recovery begins only from the date when plaintiff gave the notice specified in § 4900 of the Revised Statutes."

We doubt if the notice required can be proved by circumstantial evidence. . . .[9]

The Court in *Smith* quoted approvingly from *Franklin Brass Foundry Co. v. Shapiro & Aronson, Inc.:*

Actual notice must be actually proved and cannot be assumed as a legal inference from any facts which amount not to actual proof of the fact, and we think that a defendant is not "duly notified," within the meaning of the statute, unless the facts with which he is supplied would;

---

The legislative history of § 287 states that the purpose of changing the language in this section and related patent provisions was "to clarify the statement of the statutes." 1952 U.S. Code Cong. & Ad.News 2394, 2403.

**7.** 152 U.S. at 247–48, 14 S.Ct. at 577 (emphasis supplied).

Since the enactment of § 287, courts have continued to rely on *Dunlap* as authoritative in

interpreting the statute. *See, e.g., Ellipse Corp. v. Ford Motor Co.,* 461 F.Supp. 1354, 1378 (N.D.Ill.1978); *Briggs v. Wix Corp.,* 308 F.Supp. 162, 171 (N.D.Ill.1969); *Carlisle v. Estes,* 157 U.S.P.Q. 6, 7 (D.Colo.1967).

**8.** *Smith v. Dental Products Co.,* 140 F.2d 140 (7th Cir. 1944).

**9.** 140 F.2d at 151–52.

if fixed upon the patented article, constitute "sufficient notice." [10]

In another case, *International Nickel Co. v. Ford Motor Co.*, then District Judge Irving R. Kaufman held:

March 11, 1952 ... is the earliest [time to begin computing damages] since INCO [the patentee] has not shown that it gave the notice required by 35 U.S.C. § 287 before that date. Evidence of Ford's [the infringer's] state of mind, *i.e.* that Ford knew of the patent and had the soundest possible reason to believe that INCO would regard quantity production of nodular iron as infringement, is irrelevant. To hold otherwise would be to read the statute to say: "... damages may be recovered for infringement occurring after the infringer is, or should have been, aware of such infringement." This is not the law. The statutory requirement of "notice" is unambiguous. There can be no recovery for the period before the defendant is expressly notified by the particular patentee that it is infringing a particular patent.[11]

Other cases which have addressed the issue of actual notice under section 287 are of similar import.[12] The case relied upon by plaintiff is readily distinguishable and inapplicable to the instant action.[13]

**10.** 278 F. 435, 437 (3d Cir. 1921).

**11.** 166 F.Supp. 551, 567 (S.D.N.Y.1958).

**12.** *See Briggs v. Wix Corp.*, 308 F.Supp. 162, 171 (N.D.Ill.1969) (infringer's having seen trade brochure with advertisement mentioning patent did not constitute adequate notice); *Miller v. Daybrook-Ottawa Corp.*, 291 F.Supp. 896, 904 (N.D.Ohio 1968) (where employee of infringer knew of probable infringement and other litigation on same patent, defendant was nonetheless "not required to presume from his knowledge that the patentee was demanding relief from his action"); *Westinghouse Electric & Mfg. Co. v. Condit Electrical Mfg. Co.*, 159 F. 154, 156 (S.D.N.Y.1908) ("defendant may have been informed in some other way of the patent and of complainant's rights thereunder, but this should not be held a compliance with the statute"). *See also Milgo Electronic Corp. v. United Telecommunications, Inc.*, 200 U.S.P.Q. 481,

Defendant's motion for summary judgment is granted.

So ordered.

483 (D.Kan.1978); *Carlisle v. Estes*, 157 U.S. P.Q. 6 (D.Colo.1967).

**13.** Plaintiff cites *Warner v. Tennessee Products Corp.*, 57 F.2d 642, 643 (6th Cir. 1932), *cert. denied*, 287 U.S. 632, 53 S.Ct. 83, 77 L.Ed. 548 (1933), for the proposition that knowledge of the patent is sufficient regardless of the source of that knowledge. *Warner*, however, does not support that generalization. The plaintiff there was the assignee of the patent. Although the plaintiff-assignee had not himself given the defendant actual notice of infringement, the defendant had several years before been sued on the same patent by the patentee, before the patentee assigned the patent to plaintiff. The defendant had settled the suit by a stipulation admitting infringement. Given those exceptional and equitable circumstances, the court held that the first suit was sufficient notice and did not require notice to be given again, this time by the assignee.