LISLE CORPORATION, Plaintiff,

v.

Jerry Clyde EDWARDS, Defendant.

Jerry Clyde EDWARDS, Individually, and d/b/a Edwards Tool Co., Plaintiff,

v.

SNAP–ON TOOLS CORPORATION, et al., Defendants.

Civ. Nos. 83–77–W, 84–411–E.

United States District Court, S.D. Iowa, C.D.

Dec. 21, 1984.

David A. Jacobson, Kutak, Rock & Huie, Omaha, Neb., Charles L. Smith, Telpner & Smith, Council Bluffs, Iowa, Jon O. Nelson and Robert C. Ryan, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for plaintiff.

Lyle A. Rodenburg, Council Bluffs, Iowa, Joseph J. Boswell, P.C., George L. Williamson, Mobile, Ala., for defendant.

## ORDER

DONALD E. O'BRIEN, District Judge.

This matter comes before the Court on the parties' cross motions for summary judgment. Argument was heard on these motions on July 12, 1984 in Council Bluffs, Iowa. The parties have recently reported to the Court by letter that they believe the motions for summary judgment are fully submitted and ready for decision. The Court agrees. Plaintiff Lisle's motion for summary judgment is granted; Defendant Edwards' motion for summary judgment is denied. As a result, Lisle will be allowed to continue to manufacture and sell the tool under the Agreement.

Jerry Clyde Edwards (Edwards) invented and patented an air-powered windshield track cutting tool. He then entered into a nonexclusive license agreement (Agreement) with Lisle Corporation (Lisle) which permitted Lisle to manufacture the tool and then market it. In return for the right to make and sell the tool, Lisle pays Edwards a royalty of 3% of the sale price. One of Lisle's customers is Snap-On Tools Corporation (Snap-On), which resells the tool under the trade name of "Bluepoint." This controversy began when Edwards sued Snap-On in Alabama state court for, among other things, infringement of Edwards' patent. That case, now *Edwards v. Snap-On Tools Corp.*, Civil No. 84–411–E, was removed and then transferred to this Court.

Lisle Corporation brought this complaint against Jerry Clyde Edwards seeking declaratory judgment of noninfringement of patent, and damages and specific performance for breach of contract. Defendant Edwards counterclaimed for patent infringement and breach of the non-exclusive license agreement. The Court has consolidated the case of *Edwards v. Snap-On Tools Corp.*, Civil No. 84–411–E, with the action brought by Lisle. The two critical issues before this Court are (1) whether Lisle has infringed upon Edwards' patent and (2) whether Edwards could terminate the nonexclusive license agreement because of Lisle's breach.

■ *Infringement.* Whoever makes, uses or sells any patented invention without authority infringes upon the patent. 35 U.S.C. § 271(a). Thus, the question is whether the sales of the tool from Lisle to Snap-On were "authorized." From the undisputed facts in the record, the Court concludes that the sales from Lisle to Snap-On were authorized by the non-exclusive license agreement. The sale of a tool by Lisle to an entity which resales the tool is not a "sublicense." Edwards is entitled to only one royalty payment per tool and not a royalty payment each time a tool is resold. The license agreement does not prevent Lisle from selling the tool to customers who will resell it.

*Termination of the Non-Exclusive License Agreement.* The Court must consider (1) if Lisle breached the Agreement, (2) whether the Agreement is still in force, and (3) if it is not in force, when was it terminated.

■ 1. Breach. In view of this Court's holding regarding infringement, the Court rejects Edwards' contention that Lisle breached the Agreement by granting a sublicense to Snap-On. The sale of tools to Snap-On for resale does not amount to a sub-licensing. Rather, it is an authorized sale under the terms of the Agreement. Therefore, Edwards cannot rely on this ground as a breach of contract which justifies the termination of the license agreement.

Article VII, entitled Marking, states:

LICENSEE shall apply the appropriate patent notice to all LICENSED UNITS sold by it in accordance with the provisions of Title 35, Section 287, of the United States Patent Statutes and the corresponding foreign law where applicable.

It is clear the Agreement required Lisle to mark the patent number on each of the tools manufactured. It is undisputed that Lisle failed to do this. However, it is also undisputed that Lisle had corrected this failure to mark all outgoing tools by December 1, 1983. Thus, the Court holds that, at one time, Lisle was violating the terms of the Agreement.

2. Termination—Rectified Breaches. Article IV(2) of the Agreement provides:

In the event of failure of LICENSEE to make payment to LICENSOR when due hereunder, or of LICENSEE to comply with any other obligation imposed on it by this Agreement, LICENSOR may at its election at any time thereafter terminate this Agreement by not less than ninety (90) days written notice specifying such failure, unless LICENSEE within ninety (90) days from the date of service of such notice shall have rectified all breaches specified in said notice.

First, the Court holds the letter from Edwards' attorney dated November 3, 1983 was notice of the election to terminate as contemplated by Article IV(2). While Lisle may have had notice of its non-marking breach earlier, it did not have notice of the *election to terminate* until it received this letter. Therefore, the Court holds that, at the minimum, the Agreement was valid and in force until February 5, 1984.

■ Lisle contends the Agreement could not be terminated because Lisle rectified the nonmarking breach prior to the February 5, 1984 termination date. Edwards contends that Lisle would have to stamp all unmarked tools which are now in circulation in order to properly rectify the breach. The Court concludes that the definition of the term "rectified" as used in the Agreement is appropriately determined on these motions for summary judgment. *See Trnka v. Elanco Products Co.,* 709 F.2d 1223, 1227 (8th Cir.1983). The meaning of "rectified" must be determined with reference to the particular breach at issue. In the context of the failure to mark the tools with the patent number, the Court holds that the term "rectified" does not mean all unmarked tools which went out of Lisle's plant must be marked. To interpret "rectified" in that manner would give it a meaning which require Lisle to do that which is, in Edwards' words, a "practical impossibility." Furthermore, this interpretation of "rectified" in the context of nonmarking is

appropriate in light of Edwards' ability to obtain injunctive relief for infringement under 38 U.S.C. § 287. The fact that Edwards has shown no harm as a result of the nonmarking indicates that the problem has been corrected. The Court recognizes the possibility that the nonmarking may cause Edwards problems in the future and, if the issue were before the Court, the Court would be inclined to find that the term "rectified" means Lisle would have to foot the bill for obtaining injunctive relief under § 287. Accordingly, the Court concludes Lisle has rectified, i.e., remedied or corrected, the breach of nonmarking within the 90-day period. Thus, Edwards cannot rely upon this breach as a ground for termination.

■ In the alternative, the Court notes that Edwards' legal action against Snap-On is contrary to the basic purpose of the license agreement, i.e., that the patentee will not sue the licensee or its customers. Thus, the Court holds that Edwards is unable to avail himself to the contractual right of termination because of his failure to live up to the Agreement's purpose.

*Summary.* The Court holds the following:

1. Lisle did not "sublicense" Snap-On and, thus, did not breach the license agreement in its dealings with Snap-On.

2. Lisle did not receive notice of the election to terminate until November 7, 1983.

3. Lisle had rectified the nonmarking error by December 1, 1983, well before the expiration of the 90-day period which commenced running on November 7, 1983.

4. By suing Snap-On, Lisle's customer, Edwards acted contrary to the basic purpose of the license agreement and, thus, is unable to invoke the termination provision of the license agreement based upon the nonmarking error.

*Relief.* The Court will declare that Lisle has not infringed upon the patent of Edwards, Patent No. 3,924,327, and that Edwards has breached the license agreement. The Court will grant specific enforcement

of the license agreement and will permanently enjoin Edwards, his agents, and employees from asserting against Plaintiff Lisle or Snap-On the claim of infringement of Edwards' patent based on the manufacture, use and sale of the windshield removing tool made by Lisle. Plaintiff has prayed for attorney fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. Section 285, Title 35, provides:

The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Section 1927, Title 28, reads:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court will not rule on the request for attorney fees until it has received additional pleadings from the parties outlining their positions. With respect to the attorney fees issue, the Court holds that a dispute regarding the interpretation of the term "rectified" was a good faith controversy over the meaning of the contract. The Court makes this holding to provide the parties with a starting point on the issue of attorney fees. The parties should not draw any inferences from this holding as to what the Court's ultimate ruling will be regarding attorney fees.

IT IS THEREFORE ORDERED that Defendant Edwards' amended cross-motion for summary judgment and motion for partial summary judgment shall be denied.

IT IS FURTHER ORDERED that Plaintiff Lisle's motion for summary judgment is granted.

IT IS FURTHER ORDERED that

1. The Court declares that Lisle has not infringed upon the patent of Edwards, Patent No. 3,924,327. The Court further declares that Edwards has breached the license agreement.

2. Lisle is granted specific enforcement of the license agreement against Edwards.

3. Edwards, his agents, and employees are permanently enjoined from asserting against Plaintiff Lisle or Snap-On the claim of infringement of Edwards' patent based on the manufacture, use, and sale of the windshield removing tool made by Lisle.

IT IS FURTHER ORDERED that the plaintiff shall have twenty days from the date this Order is filed to file additional pleadings regarding its request for attorney fees. Thereafter, defendant shall respond to plaintiff's pleadings within fifteen days.

IT IS FURTHER ORDERED that the parties shall review the issues in *Edwards v. Snap-On*, Civil No. 84–411–E, and make a report to the Court within fifteen days from the filing of this Order setting out their contentions as to the effect of this Order on the issues presented in *Edwards v. Snap-On*.