**LISLE CORPORATION, an Iowa corporation with its principal place of business in Clarinda, Iowa, Appellee,**

v.

**Jerry Clyde EDWARDS, an individual residing in Philadelphia, Mississippi, Appellant.**

**Appeal No. 85–1978.**

United States Court of Appeals, Federal Circuit.

Nov. 19, 1985.

Joseph J. Boswell, P.C., Mobile, Ala., argued for appellant.

Robert C. Ryan, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., argued for appellee. With him on brief was Jon O. Nelson.

Before MARKEY, Chief Judge, and FRIEDMAN and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

This appeal is from the December 19, 1984 decision of the United States District Court for the Southern District of Iowa granting summary judgment in favor of Lisle Corporation (Lisle) on cross-motions for summary judgment. *Lisle Corp. v. Edwards*, 599 F.Supp. 897 (S.D.Iowa 1984). Jurisdiction lies with this court in accordance with 28 U.S.C. § 1295(a)(1) (1982). *See Air Products & Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 225 U.S.P.Q. 121 (Fed.Cir.1985). We affirm on the basis of the decision below.

## BACKGROUND

This is a consolidated action arising from the merger by the district court of a declaratory judgment suit by Lisle against Jerry Clyde Edwards (Edwards) and a patent infringement suit by Edwards against Snap-On-Corporation (Snap-On). Lisle seeks a declaratory judgment that both it and its customer Snap-On were operating within the scope of a nonexclusive license that Edwards had granted Lisle "to make, have made, use and sell" Edwards' patented "powered windshield track cutter" (tool), U.S. Patent No. 3,924,327. Edwards seeks damages for patent infringement as well as a revocation of his license with Lisle.

Lisle manufactured tools in accordance with the license and paid Edwards a 3-percent royalty on all sales. Among Lisle's customers was Snap-On, for which Lisle specially manufactured the patented tools with the Snap-On trademark.* However, Lisle neglected to mark any of the tools, including those manufactured for Snap-On, with a patent notice as required in the licensing agreement with Edwards. *See* 35 U.S.C. § 287 (1982).

Upon learning that Snap-On was selling a tool similar to Edwards' patented tool, Edwards brought suit in Alabama state court. The case was later removed to the Southern District of Alabama on a writ of mandamus by this court. *In re Snap-On Tools Corp.*, 720 F.2d 654, *modified*, 735 F.2d 476 (Fed.Cir.1983). At the time of filing of the suit, Edwards did not know that Lisle had manufactured the tools Snap-On sold and that, therefore, they were manufactured under a license from Edwards. Within 2 weeks he was so informed; yet he refused to dismiss the action. Lisle then brought this suit in the Southern District of Iowa seeking a declaratory judgment that it had not infringed Edwards' patent and that it was properly

---

* It is unclear whether all the units sold to Snap-On were marked by Lisle with Snap-On's trademark. However, for our purposes, this is not material.

within the scope of its license. The Alabama case was later consolidated with this action.

## DISCUSSION

 Edwards seeks to have both Lisle and Snap-On held liable for infringing his patent on the basis that Lisle's manufacture of the tool with Snap-On's labeling constitutes a manufacturing sublicense by which Lisle makes Snap-On a de facto manufacturer. Since sublicensing is prohibited under the licensing agreement, Edwards continues, any tools manufactured for Snap-On fall outside the license and are, therefore, infringing under 35 U.S.C. § 271(a). We agree with the court below and find this argument to be without merit and specious. The sales by Lisle were authorized by the nonexclusive license agreement. Resale did not create a sublicense. Edwards is not entitled to a royalty payment each time a tool is resold.

We further agree with the district court that Edwards' attempt to terminate the licensing agreement because of Lisle's failure to mark each tool with a patent notice fails because Lisle rectified the error within the 90-day grace period allowed in the agreement. Edwards' contention that, in order to rectify, Lisle must trace all of the tools that have been sold and now mark them is not persuasive. To hold that Lisle must mark each and every tool ever manufactured and sold would be unduly burdensome, if not impossible. Further, the district court found that Edwards had not shown that he had suffered any actual harm.

The district court thus decided that Lisle had not infringed the patent but that Edwards had breached the license agreement. Lisle was granted specific enforcement of the agreement and Edwards was permanently enjoined from asserting infringement against Lisle or Snap-On. We conclude that the opinion of the district court was correct in all of its findings and conclusions and in the judgment.

AFFIRMED.

