REFAC ELECTRONICS
CORPORATION, et al.,
Plaintiffs,

v.

A & B BEACON BUSINESS
MACHINES CORP., et al.,
Defendants.

No. 85 Civ. 8563 (RWS).

United States District Court,
S.D. New York.

Sept. 30, 1988.

Cobrin, Feingertz & Godsberg, New York City, for plaintiffs; Peter T. Cobrin, of counsel.

Evans, Osborne & Kreizman, Red Bank, N.J., for defendants; Gale Rhodes, Jr., of counsel.

## OPINION

SWEET, District Judge.

Defendant Sears, Roebuck & Co. ("Sears") has moved for partial summary judgment against plaintiffs Refac Electronics Corporation and Refac Technology Development Corporation (collectively "Refac") pursuant to Rule 56, Fed.R.Civ.P. Refac has cross moved for sanction against Sears pursuant to Rule 11, Fed.R.Civ.P. For the reasons set forth below both the motion and the cross motion are denied.

*Facts and Prior Proceedings*

Refac is the owner of U.S. Patent No. 3,955,355 ("355"). That patent pertains to an electronic calculator watch.[1] 355, along

---

1. This action involves other patents and other parties as well. However, for the purposes of this motion, discussion of only one patent is necessary.

with other patents, had been licensed by Refac to Citizen Watch Co., Ltd. ("Citizen"). According to Philip Sperber ("Sperber"), Vice President of Refac Technology Development Corporation and President of Refac International Ltd.,[2] Citizen never sold any of the products utilizing 355 in the United States. However, Kiyoshi Mori, Manager of the Patent Department at Citizen ("Mori"), states that "Citizen has manufactured, exported into and sold in the United States a substantial number of products covered by the Patents, and none of these products were marked with any of the Patent numbers."[3] Sperber contends that this statement is not necessarily inconsistent with his claim.

On April 29, 1982, Sperber wrote a letter to Archie Boe, President of Sears ("Boe"), notifying him that Refac held patents to a number of products then offered for sale by Sears. The letter offered Sears a license agreement. With respect to 355, Sperber wrote:

Also, your Texas Instrument, Nelsonic and other calculator watch and clock products are covered by claims of U.S. Patent 3,955,355—copy enclosed for your convenience.

In response to this letter, Joyce M. Pepper an attorney for Sears ("Pepper") wrote to Sperber requesting further information on the products. Sperber responded in a May 28, 1982 letter which stated:

Below is a list of products that are covered by our patent protection in accordance with your request. We look forward to your own supplemental list in the spirit of cooperation.

Texas Instruments Quartz digital watches

Nelsonic Alarm/chronograph digital watches

Timex Quartz digital watches with command bar

Phasar Quartz combination digital/analog watches with alarm/Chronograph

Phasar alarm/Chronograph digital watch

Phasar Quartz digital watches

Texas Instruments calculator alarm watch

Nelsonic Space Attacker game watches

Beta Scan and Beta Vision video cassette recorders

Sears Electronic clock radio (slumber series)

Sears AM/FM travel clock radio (Travel Companion) # 2210

After receiving this letter, Sears continued to sell an electronic blood pressure monitor that it had previously marketed.[4] Refac, contending that this product infringed 355 filed suit against Sears pursuant to 28 U.S.C. § 636(c) on October 30, 1985.

Sears filed this motion for partial summary judgment on July 20, 1988. This court heard oral argument and deemed the motion fully submitted on July 29, 1988.

*Discussion*

In considering a motion for summary judgment, a court must decide whether there is a genuine issue of fact necessitating trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). The court is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed. 2d 762 (1987). These rules apply to patent cases as well. *Richdel Division of Garden America Corp. v. Aqua–Trol Corp.*, 681 F.Supp. 141, 144 (E.D.N.Y.1988).

██ In order to collect damages under the patent laws, a patentee must mark the

---

**2.** Refac International is the owner of the patent in suit and is a successor in interest to plaintiffs in this case. All are referred to collectively as Refac.

**3.** This declaration was made under penalty of perjury, however, it was not notarized.

**4.** Other allegedly infringing products at issue in this law suit are not before the court for the purposes of this motions as Sears has moved for partial summary judgment with respect to the blood pressure monitor only.

patented item, or give notice that the item is patented. 35 U.S.C. § 287, which provides for notice of patent reads:

Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one of more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

*See also Dunlap v. Schofield*, 152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894) (case under predecessor statute but still relied upon as authoritative); *Lemelson v. Fisher Price Corp.*, 545 F.Supp. 973 (Weinfeld, J.).

However, actual notice need only be given if the object is not marked, and neither of these notice requirements comes into play if the patented item is not made or sold by the patentee or its licensee. *See Wine Railway Appliance Co. v. Enterprise Railway Equipment Co.*, 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936). Thus, a patentee with an unutilized patent may do nothing before bringing a suit to collect damages for infringement, while one producing or selling the goods is under an obligation to provide notice before exercising patent rights.[5]

Refac claims that it entitled to damages for patent infringement based on Sears' blood pressure monitor because no items produced under the patent were produced or sold in the United States and thus no notice was required. It further claims that even if notice was required, its two letters to Sears fulfilled this requirement.[6]

■ First, the letters do not constitute sufficient proof that Refac provided Sears with actual notice that the blood pressure devices infringed the Refac calculator watch patent. The first letter merely stated that Refac held a patent on a calculator watch. It seems plain that this was not sufficient notice for Sears since Pepper wrote to Sperber requesting further information on the allegedly infringing items. The second letter listed the infringing items. However, no blood pressure monitor was listed, and all the items listed, with the exception of the video cassette recorder,[7] were clocks or watches. Thus, Sears was not put on notice that something outside of the watch/clock calculator family could be infringing. Moreover, even a clue that the blood pressure devices, a wholly different device, could be infringing is insufficient. Actual notice of infringement is required under section 287 when an item is not marked. *Dunlap, supra,* 152 U.S. 244, 14 S.Ct. 576; *Lemelson, supra,* 545 F.Supp. 973. Since these letters do not satisfy that condition, Refac cannot avail itself of patent protection for alleged infringement before it served notice of the lawsuit based on the letters and thus cannot collect damages arising before that time.

■ Refac also contends that no patented items were sold in the United States and thus that no notice is required in any event. However, the statement of Mori, submitted by Sears, indicates that such items were or may have been sold in this country.[8] This directly contradicts Sperber's own account. Since failure to market the goods in this

---

5. If no notice is given, then the filing of the suit constitutes first notice, and damages can be calculated only from the time of filing.

6. These letters also form the basis for Refac's Rule 11 motion, as it claims that Sears is being less than candid by stating that it had no notice of the infringement.

7. It is noteworthy that video cassette recorders contain clock functions.

8. While Sperber interprets Mori's statement otherwise, the statement is, at best, subject to multiple interpretation.

country either directly or through a licensee would absolve Refac from the notice requirement of section 287, and since the parties have presented contradictory evidence regarding the marketing of goods in the United States, there is a material issue of fact warranting trial.

Sanctions, however, will not be assessed against Sears since, as the foregoing displays, this motion was not utterly frivolous.

*Conclusion*

For the reasons set forth above, both Sear's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. and Refac's motion for sanction pursuant to Rule 11, Fed.R.Civ.P. are denied.

It is so ordered.