**Susan M. MAXWELL, Plaintiff,**

**v.**

**J. BAKER, INC., and Prange Way, Inc., Defendants.**

Civ. No. 4–90–941.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 21, 1992.

Earl D. Reiland, Daniel W. McDonald, Matthew J. Goggin and Merchant, Gould, Smith, Edell, Welter & Schmidt, Minneapolis, Minn., for plaintiff.

James J. Foster and Wolf, Greenfield & Sacks, Atlantic Avenue, Boston, Mass., for

defendants; Bruce H. Little, and Popham, Haik, Schnobrich & Kaufman, Minneapolis, Minn., of counsel.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion for partial summary judgement. Based on a review of the file, record and proceedings herein, the court grants in part and denies in part defendants' motion for partial summary judgement.

## BACKGROUND

Plaintiff Susan M. Maxwell (Maxwell) is the owner of record and named inventor on United States Patent No. 4,624,060 (the '060 patent), which claims a system for attaching together mated pairs of shoes.[1] Defendant J. Baker, Inc. ("J. Baker") is a corporation that sells shoes through large discount retail stores, such as defendant Prange Way, Inc. ("Prange Way"). Maxwell brings the present action alleging that both defendants sold shoes using the shoe attachment system in violation of her '060 patent.

The application for the '060 patent was filed on October 6, 1983 and the patent was issued to Maxwell on November 25, 1986. In the interim, on April 26, 1985, Maxwell granted her employer, Target Stores (Target), a non-exclusive license to use the attachment system on shoes that Target purchased for resale. Target subsequently used the shoe attachment system on a substantial number of shoes sold to the public.

Defendants now move for partial summary judgement to limit Maxwell's damages for patent infringement. They first raise a procedural issue concerning Maxwell's complaint, contending that she failed to plead patent marking and failed to allege that she had given Prange Way notice of infringement. Defendants contend that those omissions provide sufficient grounds

for granting their motion for partial summary judgement.

Maxwell contends, however, that her damages should not be limited because her complaint gave adequate notice of her compliance with the marking and notice provisions of 35 U.S.C. § 287(a) ("section 287(a)").

Turning to the merits of the motion, defendants allege that Maxwell breached her duty to mark under section 287(a) because she, and Target as her licensee, totally failed to mark for at least five months after Maxwell obtained her patent, and only partially marked for a number of months thereafter, thus permitting substantial numbers of patented articles to enter the stream of commerce unmarked. As a result of the failure to mark, defendants argue that Maxwell's damages should be limited to those that occurred after defendants received notice of the infringement from Maxwell. J. Baker claims that Maxwell gave it notice of infringement on June 14, 1990; Prange Way claims that it received notice of infringement from Maxwell's complaint, which was filed on December 11, 1990. Thus, J. Baker seeks to preclude the recovery of damages occurring before June 14, 1990; Prange Way seeks to preclude those occurring before December 11, 1990.

Maxwell contends, however, that she fulfilled her duty under section 287(a) because she undertook reasonable steps to ensure that Target marked the shoes using her system and that Target marked substantially all such shoes that were sold. Maxwell further contends that she first gave proper notice to J. Baker, through its agents, on April 27, 1987 and that she directly notified J. Baker on April 20, 1990. Thus, Maxwell maintains that defendants' motion for partial summary judgement should be denied.

## DISCUSSION

▆▆▆ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary

---

**1.** The '060 patent covers a system for attaching pairs of shoes together by incorporating the use of a tab or loop through which a filament is connected. The tab or loop is placed between the inner and outer soles of each shoe so as not to be seen when worn. The fastening system is used primarily on shoes that do not have eyelets or other apertures through which a filament can be threaded to connect the shoes.

judgement "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgement will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. On a motion for summary judgement, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgement must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider defendants' motion for partial summary judgement.

1. *The Adequacy of Maxwell's Pleading of Patent Marking and Notice of Infringement*

■ Before recovering damages for infringement, the Lanham Act requires that a patent owner must provide notice, specifically that:

> Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent.... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). The patent owner must also plead and prove compliance with section 287(a). *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed.Cir.1984). Defendants first contend that they are entitled to partial summary judgement limiting Maxwell's damages because her complaint inadequately alleged compliance with the marking requirements of section 287(a) and failed to allege that she gave notice of infringement to Prange Way prior to the filing of the present action.

■ Maxwell claims that she adequately pled marking, first relying on paragraph nine of the complaint, which states that:

> 9. Plaintiff granted a non-exclusive license to Target Stores to practice the system taught in the '060 patent, a copy of which is attached as Exhibit B. Target Stores has sold, and continues to sell, shoes manufactured under its license from Plaintiff.

The licensing agreement, which became part of Maxwell's complaint for all purposes as a result of Federal Rule of Civil Procedure 10(c), provides that:

> 5. Target agrees that all Fasteners attached to shoes it sells will be marked with appropriate patent notices when notified by Maxwell.

Based on those assertions, Maxwell argues that she sufficiently pled Target's marking of the shoes that it sold.

Maxwell contends that the sufficiency of her marking allegations is demonstrated by defendants' first set of interrogatories, which asked Maxwell to:

Give the factual basis for any contention that Target Stores marked with the patent number all or substantially all of the shoes it sold under its license from Plaintiff, including the date such marking began, identification of knowledgeable individuals, and identification of documents.

Maxwell argues that defendants' knowledge is further demonstrated by their request for the production of documents concerning Target's marking. She finally contends that defendants' answer and statement of the case reflect their awareness of her allegations concerning marking. Based on the foregoing, the court concludes that Maxwell adequately pled compliance with the patent marking provision of 35 U.S.C. § 287(a), and denies defendants' motion for partial summary judgment on that basis.[2]

■ Defendants also contend that Maxwell failed to allege that she gave notice of infringement to Prange Way at any time prior to the filing of the present action.[3] The complaint fails to make any such allegation. Maxwell also fails to address this contention, and provides no other evidence to the contrary. The court thus finds that Maxwell failed to plead notice of infringement to Prange Way. As a result, the court determines, pursuant to section 287(a), that such notice occurred as of the date that her complaint was filed, December 11, 1990.

2. *Maxwell's Compliance with Section 287(a)*

Defendants also contend that Maxwell, and Target as her licensee, inadequately marked pursuant to section 287(a), and thus move for partial summary judgment precluding Maxwell's recovery of any damages that accrued before defendants received notice of infringement from Maxwell.

■ In prescribing the means by which a patentee "may give notice", section 287(a) generally requires that the patented articles made or sold under the patentee's authority be marked or, failing that, each infringer is provided with actual notice of the infringement. *General Elec. Co. v. Sciaky Bros., Inc.*, 304 F.2d 724, 726 (6th Cir.1962) (citations omitted); *Lemelson v. Fisher Price Corp.*, 545 F.Supp. 973, 974 (S.D.N.Y.1982).

■ Maxwell argues, however, that section 287(a) may not apply because Target, as her employer at the time of her invention, may have been entitled to use Maxwell's system under a nonexclusive, royalty-free "shop right" license, and thus Target was not making shoes "for or under" Maxwell for purposes of the statute. It is undisputed, however, that Maxwell voluntarily entered into a licensing agreement with Target. Section 287(a) clearly applies to situations in which a nonmanufacturing patentee has licensed or authorized others to produce or sell the patented article. *See In re Yarn Processing Patent Validity Litig. (No. II)*, 602 F.Supp. 159, 169 (W.D.N.C.1984) (construing predecessor of section 287(a) and so holding); *Hazeltine Corp. v. Radio Corp.*, 20 F.Supp. 668, 673 (S.D.N.Y.1937) (same); *cf. Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 393–94, 56 S.Ct. 528, 529–30, 80 L.Ed. 736 (1936) (predecessor of Section 287(a) did not apply because there had been no authorized manufacture or sale under the patent). Because Maxwell gave Target a license to use her system on shoes purchased by Target for resale, the court finds that section 287(a) applies to Maxwell's claim for damages, and will thus apply that section to analyze defendants' arguments concerning marking and notice.

---

**2.** The court further notes that one case on which defendants rely, *Dunlap v. Schofield,* 152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894), predates the Federal Rules of Civil Procedure, which require only notice pleading.

**3.** Defendants concede that Maxwell adequately pled that she had given notice to J. Baker prior to the filing of her complaint.

### A. Marking

From the date that her patent was issued, Maxwell, and Target as her licensee, had a statutory duty under section 287(a) to mark either the word "patent" or the abbreviation "pat.", together with the patent's number, on all shoes sold with the patented fasteners. Defendants contend that Maxwell and Target totally failed to do so for at least five months after the patent was issued and only partially marked such shoes for a number of months thereafter, thus allowing a substantial number of patented articles to enter the stream of commerce unmarked. Defendants thus argue that section 287(a) bars Maxwell's recovery of damages for patent infringement occurring before defendants received actual notice of infringement from Maxwell.

▆▆▆▆ Compliance with the statutory duty to mark does not require the marking of every patented article manufactured or sold because such compliance "would be unduly burdensome, if not impossible." See Lisle Corp. v. Edwards, 777 F.2d 693, 695 (Fed.Cir.1985). Thus, section 287(a) has been interpreted to require that "substantially all" patented articles made or sold under the patentee's authority be marked. In re Yarn Processing Patent Validity Litig., 602 F.Supp. at 168. The implied de minimis exception may be applied to justify the "failure by mistake to mark a few articles in the hundreds of thousands made and sold." Hazeltine Corp., 20 F.Supp. at 671–72 (defining exception). When a patentee grants a license to another party to make or sell patented articles, the patentee is obliged to take reasonable steps to ensure that the licensee marks those patented articles. Butterfield v. Oculus Contact Lens Co., 332 F.Supp. 750, 761 (N.D.Ill.1971).

▆▆▆▆ In the present case, Maxwell, and Target as her licensee, became a "patentee and persons making or selling patented articles" with a statutory duty to mark on November 26, 1986, the date on which the '060 patent was issued to Maxwell.

Thus, after that date, Target had a statutory duty to mark "substantially all" of the shoes sold with the patented fasteners. Maxwell, in turn, was charged with an obligation to make "reasonable efforts" to ensure that Target appropriately marked the shoes using Maxwell's system. Butterfield, 332 F.Supp. at 761.

Maxwell contends that those duties were fulfilled because she took reasonable efforts to ensure that Target marked the patented articles and that Target marked substantially all of the shoes that it sold.[4] To demonstrate the extent of her efforts to police Target's marking, Maxwell proffers her license agreement with Target, which states that "Target agrees that all Fasteners attached to shoes it sells will be marked with appropriate patent notices when notified by Maxwell." She also proffers a letter written to Target's general counsel three weeks after Maxwell's patent was issued, on December 12, 1986, which informed Target that it was to mark all the patented articles, as required by the license agreement. Maxwell further proffers Target's ticketing instructions, which directed its shoe agents to stamp shoes using Maxwell's system with "patent pending" in 1984, well before her patent was issued, and the testimony of Target's general counsel, who stated that Target did its best to comply with its marking duties. Examining the record, the court determines that there is a material fact dispute concerning the reasonableness of Maxwell's efforts to police Target's marking. Cf. Analytical Controls v. American Hosp. Supply Corp., 518 F.Supp. 896 (S.D.Ind.1981) (refusing to limit damages of patentee who took reasonable steps to ensure proper marking by its licensee when licensee sold to patented product to a third party who failed to mark).

▆▆▆▆ Defendants further contend that the de minimus exception does not apply to the present situation because Target sold approximately 400,000–800,000 pairs of shoes that were unmarked but fastened

---

**4.** Maxwell claims that the existence of unmarked shoes in the stream of commerce was caused primarily by the unauthorized use of her attachment system.

with Maxwell's system. To support that contention, they proffer the testimony of a former Target employee who stated that Target's annual sale of shoes exceeded 10 million pairs at that time and that at least ten percent of those would have used the patented fasteners.[5] Based on those figures, defendants reason that because Target did not begin marking until five months after the patent was issued, roughly 410,000 pairs of unmarked shoes would have been sold during that period of time. Defendants concede, however, that "it is impossible at this juncture to quantify the total licensed pairs that were sold without patent marking". (Defs.' Mem. Supp. Summ. J. at 4). The figures supplied by the former Target employee are also subject to question because he testified that the figures were only a "guesstimate". Examining the record, the court finds that a genuine issue of material fact exists concerning whether the de minimus exception should apply in the present case.

Based on the foregoing, the court denies defendants' motion for partial summary judgement on the issue of Maxwell's failure to mark pursuant to 35 U.S.C. § 287(a).

### B. Notice of Infringement

 Defendants contend that Maxwell's alleged failure to mark could be cured only by giving them notice of the infringement. They assert that J. Baker did not receive such notice until June 14, 1990 and that Prange Way did not receive notice until December 11, 1990.[6] Defendants thus seek to limit Maxwell's damages to those that occurred after notice was received.[7]

If a patentee fails to mark, section 287(a) provides that no damages may be recovered against an infringer "except on proof that the infringer was notified of the in-fringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). If notice is given to an agent of the accused infringer, the patent owner must establish that the recipient had authority to accept such notice on behalf of the infringer. *See* 1 Donald S. Chisum, *Patents*, § 20.03[7] at 20–263 (1991).

Maxwell contends that a letter she sent on April 28, 1987, to various alleged agents of J. Baker constitutes notice to J. Baker for purposes of section 287(a).[8] Maxwell argues that those companies acted as sales agents for J. Baker, and in that capacity, they were responsible for issues related to shoe connection. Thus, she contends that those agents were proper recipients of notice of infringement on behalf of J. Baker.

J. Baker contends, however, that the companies that received the April 28, 1987, letter were not its agents for purposes of receiving notice of infringement but rather its agents solely for "the purchase of footwear to be imported into the U.S." (Defs.' Reply Mem. Supp. Summ. J. at 9). J. Baker further contends that those companies were not acting within the scope of their authority as agents for J. Baker when they received the letter because the letter concerned their role as agents for Target in the sale of shoes. Thus, J. Baker, Inc. maintains that notice to those companies does not satisfy section 287(a), and that it did not receive actual notice of infringement until June 14th, 1990.

Examining the record, the court concludes that those companies, although sales agents of J. Baker, were not acting within the scope of their authority when they received the April 28, 1987 letter. That letter specifically refers to Target, the Target

---

5. They also cite Maxwell's testimony that she agreed that ten percent of the shoes sold would have used the patented fasteners.

6. As the court previously determined, Prange Way received such notice when Maxwell's complaint was filed, December 11, 1990. *See supra.;* 35 U.S.C. § 287(a) (the filing of a lawsuit charging infringement constitutes actual notice of such infringement).

7. The court rejects this contention in light of its determination that material fact disputes exist concerning the adequacy of Maxwell's marking.

8. Maxwell alleges that seventeen of J. Baker's agents received her letter.

 

Shoe Operations Manual, and the patented system "used as an attaching system on shoes at Target." Maxwell fails to offer any other evidence to indicate that those companies were J. Baker's agents for purposes of receiving notice of infringement.[9] The court thus rejects Maxwell's contention that the April 28, 1987, letter constitutes notice to J. Baker for purposes of section 287(a). Accordingly, the court grants defendants' motion for partial summary judgment to the extent that it concerns notice to J. Baker as a result of Maxwell's letter.

 J. Baker also contends that it did not receive actual notice of infringement until June of 1990. Maxwell, however, proffers a letter written to J. Baker on April 20, 1990 that includes Maxwell's patent number and states that "it has come to my attention that your shoes buyers may be using this system." Maxwell also enclosed a copy of the patent, sketches of her system and a letter from her attorney that described her patent and its validity, and suggested that Maxwell mail parties a copy of her patent "so that they can avoid innocent infringement." The court finds that this letter is sufficient to raise a material fact dispute concerning the date on which J. Baker received actual notice of infringement.

Based on the foregoing, the court denies defendants' motion for partial summary judgment to the extent that it seeks to limit J. Baker's damages to those occurring after June 14, 1990.

## CONCLUSION

Defendants seek partial summary judgement limiting Maxwell's recovery of damages for patent infringement. The court concludes that material fact disputes exist concerning Maxwell's alleged failure to mark and thus denies defendants' motion to the extent that it concerns the issue of marking. In light of its determination that material fact disputes exist concerning marking, the court also rejects defendants'

attempt to limit Maxwell's damages to those occurring only after they received notice of infringement. The court further determines that Prange Way, Inc. received notice of infringement from Maxwell on the date of the complaint, December 11, 1990. The court concludes that the April 28, 1987 letter to Target's sales agents does not constitute notice to J. Baker, but further concludes that a material fact dispute exists concerning the date on which J. Baker received such notice, either April 20, 1990 or June 14, 1990.

Accordingly, IT IS HEREBY ORDERED that defendants' motion for partial summary judgment is granted in part and denied in part, as previously set forth in the conclusion of this order.

---

9. In her memorandum, Maxwell also concedes that "in April, 1987 while Sue Maxwell was still employed at Target, she sent out 41 notices on Target letterhead to all Target's agent companies, stating that they must begin marking with the patent number." (Pl.'s Mem. Opp. Summ. J. at 3)